The Chancellor.
The complainant filed her bill for a divorce a vinculo matrimonii, upon the ground of adultery by the defendant, her husband.
The marriage is admitted by the answer, but the adultery denied.
There is no direct evidence of the fact of adultery, and the cuestión is, whether the circumstances detailed in the evidence sustain the charge.
If direct evidence of the fact should be required in such cases, it must generally render relief impracticable. Biit there must be suih proximate circumstances proved, as will satisfy the le *445 gal conviction of the court, that the crime has been committed.
In Williams v. Williams, 1 Hagg Con. R. 299: lord Stowell said “ it is a fundamental rule of evidence on this subject that it is not necessary to prove the direct fact of adultery, because if it were otherwise, there is not one case in an hundred where that case would be attainable; it is very rarely, indeed, that the parties are surprized in the direct fact of adultery. In every case, almost, the fact is inferred from circumstances that lead to it by fair inference, as a necessary conclusion, and unless this were so held, no protection whatever could be given to marital rights.”
“ The only general rule to be laid down is, that the circumstances must be such as to lead the guarded discretion of a reasonable and just man to the conclusion ; for it is not to lead a rash, intemperate judgment, moving upon appearan ces, that are equally capable of two interpretations. Neither is it to be a matter of artificial reasoning, judging upon such things differently from what would strike the careful and cautious consideration of a discreet man.”
Whatever convinces of the consummation of the act, will be sufficient proof of the charge: 2 Phil. Ev. 153; 2 Greenleaf’s Ev. 34.
A detail of the circumstances of this case is unnecessary. They cannot fail to lead the guarded discretion of any reasonable and just man to the conclusion, that the offence charged was committed. There was at least that degree of imprudence from which a courtis bound to infer guilt.
I am constrained, therefore, to grant the prayer of the bill, and to decree a divorce from the bond of matrimony, with costs of suit; and to refer the matter to a master, to inquire and report what alimony should be allowed,and what provision should be made for the maintenance of the children of the parties.
And the complainant will have leave to apply to the court for further relief, if need be.
Decree accordingly.