John H. Galloway, Jr., J.
Defendant has heretofore moved to suppress evidence allegedly illegally obtained, or for a hearing *848 on the application, and for a dismissal of the indictment if it he found that it was grounded upon evidence obtained as a result of an illegal arrest, search and seizure. The motion was granted to the extent of directing a hearing on the application to suppress. (N. Y. L. J., Oct. 26, 1962, p. 17, col. 7.) Such hearing was held on November 5,1962.
After hearing, defendant urges that her arrest by a private person was illegal and that the search and seizure made by such private person incidental to the arrest was unauthorized and illegal.
We are here concerned with the legality of a “ citizen’s arrest ” made by a security officer in the course of her duties while employed as such by a department store.
A private person may arrest another for a crime (misdemeanor or felony) committed or attempted in his presence. (Code Crim. Pro., § 183, subd. 1; People v. Foster, 10 N Y 2d 99, 102.) Before making an arrest, a private person must inform the person to be arrested of the cause thereof and require him to submit, except when he is in the actual commission of the crime or when he is arrested on pursuit immediately after its commission. (Code Crim. Pro., § 184.) And such private person must, without unnecessary delay, take the person arrested before a Magistrate, or deliver him to a peace officer. (Code Crim. Pro., § 185.)
The evidence adduced on the hearing clearly establishes that defendant was properly arrested by a private person (security officer) for a misdemeanor (petit larceny-shoplifting) committed in the presence of the security officer.
On December 8, 1961, at about 1:55 p.m. one of the security officers in Alexander’s Department Store observed defendant select two pairs of socks from a counter rack, place them in an Alexander’s bag and, without stopping at a nearby cashier’s desk to pay for them, leave the store and proceed into the parking lot. When about 60 feet from the store in the store’s parking area, the security officer apprehended the defendant, and asked her for the socks she had neglected to pay for. She took them out and gave them to the 'security officer, who then took her to the store’s security office, where she was asked to show what she had in two shopping bags she carried. Defendant emptied them and the security officer observed several other store items with the store’s tickets on them in such condition as indicated the items had not been paid for. Defendant voluntarily signed a statement admitting she had taken a list of items totaling some $56.06 without paying for them.
*849 Defendant was thereupon asked if she had any merchandise in her car which she had not paid for. She answered “No ”; and when asked if she would mind if the security officers checked her car, she said “No ”, that it would be all right. She went to her car with them and unlocked the rear trunk, in which the security officers found defendant’s pocketbook, and four dresses, a slack suit and other small items, all with the store’s price tickets still intact, indicating they were not paid for. Defendant voluntarily signed a second statement admitting she had taken a revised list of items totaling some $172.10 without paying for them.
At about 3:30 p.m. the security officers' called for the police, and at about 3:45 p.m. a police officer arrived at the store, informed defendant she was under arrest for shoplifting on Alexander’s security officer’s complaint, and took defendant and the evidence, and the complaining witness to police headquarters where defendant was booked.
Defendant’s apprehension on a citizen’s arrest was here made for a misdemeanor committed in the presence of the private person who arrested her. The arrest was in compliance with section 183 of the Code of Criminal Procedure. Having been arrested in the actual commission of the crime or in any event on pursuit immediately after its commission, the arresting person was not required to inform defendant of the cause of her arrest (Code Grim. Pro., § 184). And defendant was, under the circumstances, delivered to a peace officer without unnecessary delay, as required by section 185 of the Code of Criminal Procedure.
While a private person may not make a search without a warrant incidental to a citizen’s arrest (Matter of Fried, 68 F. Supp. 961), there is no constitutional prohibition against such arresting-citizen’s conducting a search after arrest with the consent of the person arrested. Defendant was free, even though then under arrest, to authorize a search of the shopping bags she was carrying and of the trunk of her car, and any conflict in testimony between the arresting security officer and defendant on the subject of consent creates merely a question of credibility to be resolved by this court. In our opinion the evidence establishes that defendant did in fact give her consent to the searches, not 1 ‘ in submission to authority ’ ’ but rather as “ an understanding and intentional waiver of a constitutional right” (Johnson v. United States, 333 U. S. 10, 13). Accordingly, the arresting-security officer and her assistant were privileged to make the searches here in question, and the products or fruits thereof, including the defendant’s admissions, were legally obtained, *850 though defendant was then under arrest. (Cf. People v. Rodriguez, 11 N Y 2d 279, 287.) The authorities cited by defendant to the contrary, viz. People v. Wieczorek (16 A D 2d 1025 [4th Dept.]) and People v. Piazza (15 A D 2d 503 [2d Dept.]) are distinguishable on their facts, and are therefore not contrary to our determination.
Defendant’s motion to suppress the evidence obtained as a result of the searches in question, viz. the merchandise taken by defendant from Alexander’s store and her written admission thereof, dated December 8, 1961, must be denied.
The court has reviewed the minutes of the G-rand Jury, before whom the same security officer employed by Alexander’s testified, and before whom the same evidence obtained by the searches here considered was introduced. In view of the determination here reached, the defendant’s motion to dismiss the indictment charging her with grand larceny in the second degree (upon which decision was heretofore withheld) must be denied.
The motions to suppress and to dismiss the indictment are denied. Submit order on notice in accordance with this decision.