■ HARVEY SANDERSON, Respondent, v. NEWARK INSURANCE COMPANY et al., Appellants, and AMERICAN MOTORISTS INSURANCE COMPANY et al., Respondents.— Judgment unanimously affirmed, with costs. Memorandum: In affirming we do not reach or pass upon any question presented by the action of the trial court in pronouncing a declaratory judgment instead of leaving the parties to relief in the pending negligence action because no defendant herein objected to the determination of the issue of permission and consent in this action for declaratory relief. (Appeal from a judgment of Onondaga Trial Term in an action for a declaratory judgment seeking determination regarding automobile insurance coverage.) Present — Bastow, J. P., Goldman, Henry and Del Vecchio, JJ.

■ NATHAN J. BUNIS, Doing Business under the Name of CLINTON BOOK SHOP, Appellant, v. JOHN J. CONWAY, JR., as DISTRICT ATTORNEY OF MONROE COUNTY, Respondent.— Order insofar as it denies plaintiff's motion for summary judgment unanimously affirmed and order insofar as it grants summary judgment in favor of defendant unanimously reversed and the judgment entered thereon vacated, without costs of this appeal to either party. Memorandum: A motion for summary judgment by the plaintiff was denied and summary judgment granted to the defendant. The plaintiff appeals from the order and judgment. The action itself sought a declaration as to whether the sale of the book Tropic of Cancer would constitute a violation of section 1141 of the Penal Law. The judgment and the order upon which it was based, which are the subject of this appeal, determined that the sale of this book would constitute a violation of that section. A necessary element to sustain a conviction for a violation of this section of the Penal Law is *scienter* (*People* v. *Finkelstein*, 9 N Y 2d 342; *People* v. *Finkelstein*, 11 N Y 2d 300; *People* v. *Fritch*, 13 N Y 2d 119). The *scienter* required is knowledge of the content of the book by one accused of violating the section (*Smith* v. *California*, 361 U. S. 147, 149). The plaintiff does not concede that he has knowledge of the content of this book nor does the record contain anything upon which such a determination could be based. (Appeal from a judgment of Monroe Special Term, adjudging that the sale of "Tropic of Cancer" by plaintiff would constitute a violation of section 1141 of the Penal Law; and appeal from order granting summary judgment in favor of defendant.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN RUSSELL, Appellant.— Order unanimously affirmed. (See *People* v. *Kling*, 19 A D 2d 750, affd. 14 N Y 2d 571.) (Appeal from order of Erie County Court denying, following a hearing, motion to vacate a judgment of conviction for the sale of narcotics in violation of subdivision 1 of section 1751 of the Penal Law rendered July 26, 1961.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.