**UNITED STATES of America ex rel. Peter GOMINO**

**v.**

**James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.**

**Civ. A. No. 64–320.**

United States District Court
W. D. Pennsylvania.
July 2, 1964.

ted the issue of voluntariness of said tacit admission to the jury trying the guilt or innocence of the petitioner when it was not disputed that petitioner had taken narcotics one hour prior to the time the alleged tacit admission was made; but a dispute did exist as to the effect, if any, the narcotics had on the mental and physical prowess of the defendant.

After a full and complete hearing, and a thorough evaluation of the record, pleadings and briefs in this proceeding, it is the opinion of the Court that the procedure followed did not meet federal Constitutional standards.

Believing that the state courts should first have the opportunity, under a constitutional procedure, to determine the issue of the voluntariness of the tacit admission, the Court will not determine whether or not the tacit admission, on the undisputed facts and as a matter of law, was admitted in violation of the constitutional rights of the petitioner.

## FACTS

Petitioner was arrested at his home for violation of the narcotics laws without an arrest warrant or search warrant and forceably taken to a police station. One Pietosi, who had been arrested shortly before, after being observed leaving petitioner's home, was taken to the same police headquarters. In the presence of petitioner at a distance where he would ordinarily be heard, Pietosi gave a statement to the officers in which he named petitioner as the individual from whom he had purchased the morphine capsules which he had been seen to drop outside the petitioner's home.

Petitioner's claim is based on the thesis that his silence in the face of Pietosi's accusations in the statements to the officers was involuntary in that petitioner was under the influence of narcotics at the time Pietosi gave his statement, and that, in view of the foregoing, to admit said statement as a tacit admission would be violative of the petitioner's rights under the Fourteenth Amendment to the Constitution of the United States.

H. David Rothman, Pittsburgh, Pa., for petitioner.

Robert Duggan, Dist. Atty. of Allegheny County, Pittsburgh, Pa., Walter E. Alessandroni, Atty. Gen., Harrisburg, Pa., for respondent.

GOURLEY, Chief Judge.

In this habeas corpus proceeding, state remedies have been exhausted as required by 28 U.S.C.A. § 2254.

The key issue is whether or not petitioner's rights under the Fourteenth Amendment were violated when the state court refused to hold a preliminary hearing, absent the jury, at which time he could testify to the involuntary nature of a tacit admission, but instead submit-

The attack on the voluntary nature of the tacit admission is premised on the following undisputed or not seriously contested evidence: (1) Petitioner was a drug addict; (2) said addiction was known by the police officers; (3) narcotics were taken by the petitioner shortly before the time of his arrest; (4) the statement from Pietosi was made in petitioner's presence about one hour after the arrest; (5) petitioner was ill to one degree or another during the time the alleged tacit admissions were made; (6) his physical condition was such, as a result of the narcotics that he had administered to himself, that it was necessary for the police officers to hospitalize him a short time after the statement from Pietosi was secured; and (7) no serious effort was made to obtain a statement at the police station from petitioner himself.

In the trial of the state criminal proceeding, counsel requested the Court to grant a hearing out of the presence of the jury, at which hearing petitioner could testify without waiving his right against self-incrimination, to determine the voluntariness of the alleged tacit admission or silence. The request was refused, petitioner did not testify in his behalf, said issue was submitted to the jury together with the issue of guilt or innocence, and a guilty verdict was returned.[1]

## LAW

■ In one of its most recent decisions on the use of confessions to obtain convictions, the Supreme Court of the United States makes it clear that the Fourteenth Amendment forbids the use of involuntary confessions not only because of the probable unreliability of confessions that are obtained in a manner deemed coercive, but also because of the strongly felt attitude of our society that important human values are sacrificed where an agency of the government, in the course of securing a conviction, wrings a confession out of an accused against his will and because of the deep-rooted feeling that the police must obey the law while enforcing the law, and because of the belief that in the end, life and liberty can be as much endangered from illegal methods used to convict those thought to be criminals as from the actual criminals themselves. Jackson v. Denno, 84 S.Ct. 1774 (1964).

■■ The overall determination of the voluntariness of a confession has become an exceedingly sensitive task, and allowing the jury trying guilt or innocence to also try the voluntariness of a confession denies due process. Jackson v. Denno, supra. Although the issue of whether a defendant in a state criminal proceeding must be allowed to testify without waiving his right against self-incrimination did not appear in Jackson since the defendant there took the stand to testify on all issues, it appears to this Federal District Court that to require a defendant to waive his federal right against self-incrimination in order to vindicate his federal right not to be convicted through the use of an involuntary confession would, in and of itself, constitute a violation of the protection afforded by the Fourteenth Amendment.

Furthermore, since Jackson was not a direct appeal from the conviction in the state courts but, instead, was an appeal from a collateral habeas corpus proceeding, it is evident that the rule in Jackson is to be applied retroactively.

Having determined that Jackson had not been given an adequate hearing upon the voluntariness of his confession, the Supreme Court went on to hold that (1) on the facts, a full evidentiary hearing was required, (2) said hearing should occur initially in the state courts rather than in the federal habeas corpus court, and (3) that if at the conclusion of the

---

1. A hearing outside the presence of the jury was held on the legality of the search and seizure of petitioner's home, and petitioner did testify as to the method of entry into his home, but he did not testify otherwise and, therefore, no evidence was heard as to the voluntary nature of the silence, except that presented by the prosecution.

evidentiary hearing in the state court the determination was made that the confession was voluntarily given, there is no constitutional necessity for proceeding with a new trial.

## DISCUSSION

 While the Jackson case involved a confession, it is self-evident that any procedural infirmities in a confession situation would also be applicable to a tacit admission situation and that Jackson is clearly applicable to the procedure followed in the proceeding presently being considered by the Court. An examination of the record in the state trial court indicates that the procedure followed whereby the jury trying the guilt or innocence of the petitioner, Gomino, also determined the voluntariness of the tacit admission (without a prior determination, after a full evidentiary hearing, by a different fact-finder, that the tacit admission was voluntary) is clearly a procedure which does not meet the constitutional requirements set forth in Jackson.

While a full evidentiary hearing to determine the voluntariness of the alleged tacit admission is required, the further proceedings to which Gomino is entitled should occur initially in the state courts rather than in the federal habeas corpus court. Jackson v. Denno, supra.

This Opinion is adopted as Findings of Fact and Conclusions of Law.

An appropriate Order is entered.

## ORDER

Now, therefore, this 2nd day of July, 1964, it is ordered and directed that the Commonwealth of Pennsylvania afford petitioner either a new trial or the full evidentiary hearing on the issue of the voluntariness of the tacit admission required by Jackson v. Denno, 84 S.Ct. 1774 (1964), at which hearing or trial petitioner will be permitted to testify on the voluntariness issue without such testimony constituting a waiver of his privilege against self-incrimination.

It is further ordered and directed that said new trial or hearing shall be held within thirty days from the date of this Order, provided however, for just cause, the time limitation set forth will be extended by the Court on application being made.