William E. Ringel, J.
The defendant moves to suppress a switch-blade knife and bludgeon discovered in his automobile. He had been arrested charged with the misdemeanors of driving while intoxicated (Vehicle and Traffic Law, § 1192, subd. 2), and driving without a license (Vehicle and Traffic Law, § 501, subd. 4, par. a).
The defendant was taken to the precinct where he was booked and subjected to the sobriety tests provided for in New York City Police Department Eegulations. After completing the tests *337 which took about 30 minutes, the arresting officer, searched the defendant’s automobile, as he claims, for liquor. The car had been previously locked by this officer who had at all times herein, retained the key to the vehicle. No liquor was found, but the knife and the bludgeon were uncovered by the officer. The defendant contends that this search of his automobile was unlawful and unreasonable and that the evidence uncovered by such search should be suppressed.
It is axiomatic that unreasonable searches are violative of the Fourth Amendment and evidence so obtained is inadmissible in a prosecution in a State court (Mapp v. Ohio, 367 U. S. 643; Ker v. California, 374 U. S. 23).
The test of the reasonableness of the search is applicable to things under the accused’s immediate control, and depending on the facts, to the place where the accused was arrested (Carroll v. United States, 267 U. S. 132; Agnello v. United States, 269 U. S. 20; United States v. Rabinowits, 339 U. S. 56). This test of reasonableness therefore applies to automobiles as well as to persons (Preston v. United States, 376 U. S. 364; Brinegar v. United States, 338 U. S. 160; Carroll v. United States, supra; People v. Lombardi, 18 A D 2d 177, affd. 13 N Y 2d 1014).
A search of a person without a warrant is not unreasonable if it is made as an incident to a lawful arrest and contemporaneous therewith as to time and place (Preston v. United States, supra; Carroll v. United States, supra; People v. Defore, 242 N. Y. 13). However, such search must be truly incidental to the primary purpose to arrest (United States v. Robinson, 325 F. 2d 391; People v. Roach, 44 Misc 2d 40). The reason for this rule, is to prevent the destruction of evidence and to seize weapons or other items which may be employed in assaulting the arresting officer or aid in the escape of the accused (Preston v. United States, supra; People v. Coiro, N. Y. L. J., Oct. 2, 1964, p. 18, col. 1 [Supreme Ct., Kings County, Sobel, J.]).
The ambit of the incidental search is limited in its general scope. It cannot be construed as broader than that which would be authorized by a search warrant. Otherwise it would be more advantageous not to apply for the warrant (Preston v. United States, supra; People v. Coiro, supra; Sobel, Search and Seizure, p. 73). In the instant case, no probable cause for the issuance of a search warrant is indicated (Aguilar v. Texas, 378 U. S. 108).
It is apparent therefore that the search of defendant’s locked automobile was a search not incidental to the primary purpose to arrest for the traffic misdemeanors of driving while intoxicated and driving without being duly licensed.
*338 It is also apparent that the search was not contemporaneous with the arrest in that it was conducted at a time and place remote from the time and place of arrest. (Cf. People v. Montgomery, 21 A D 2d 904.) Motion to suppress is granted.