**Floyd W. LONG, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18368.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 2, 1964.

Decided Oct. 22, 1964.

Petition for Rehearing en Banc Denied Dec. 4, 1964.

**550**

Mr. James J. Laughlin, Washington, D. C., for appellant.

Mr. Daniel J. McTague, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Joseph A. Lowther, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, BASTIAN and McGOWAN, Circuit Judges.

PER CURIAM:

■ The only point made on this appeal is embodied in an invitation to us to adopt a rule that no statements or admissions to police officials out of the presence of counsel, irrespective of the circumstances in which they are made, are to be received in evidence at the trial. It does not appear to us that any legislative body in this country has prescribed such a rule of procedure in criminal trials, nor that any court has so held. Neither do we.

■ Although we have been asked to reverse in this instance without reference to any circumstance other than the absence of counsel, we have looked to the facts of record to see if they warrant reversal. Appellant was arrested at the scene of a shooting and taken to the precinct police station for booking on a charge of assault with a deadly weapon. The victim died at a hospital within the hour after the shooting. Two detectives coming from the hospital with this information encountered appellant in a corridor at the station. In a hearing held outside the presence of the jury, the only witness offered by either side was one of the detectives. His testimony was that, even before the officers could identify themselves and instantly upon their meeting him, appellant volunteered the statement that he had shot the decedent. Although then warned that he was talking to police officers and that he had a right to remain silent, appellant gave more details with respect to the shooting. After the hearing, the trial judge on this testimony permitted these oral admissions to be introduced. Later in the trial appellant, during the course of testimony in his own defense, denied having made these statements, and, contrary to the police testimony, asserted that at the precinct station meeting he had said that he would make no statement without seeing a lawyer.

On this record we have no basis for disturbing the trial judge's finding that, on the evidence taken in the jury's absence, the oral admissions were admissible. There being no other errors either alleged or apparent, the conviction is

Affirmed.