**UNITED STATES of America ex rel. Paul Joseph SCHOMPERT, Petitioner,**

v.

**Hon. J. Edwin LaVALLEE, Warden of Auburn State Prison, Auburn, New York, Respondent.**

**No. 65–Civ.–54.**

United States District Court
N. D. New York.

Feb. 3, 1965.

———◆———

JAMES T. FOLEY, Chief Judge.

In a handwritten, well drafted and imposing application for habeas corpus, the petitioner presents a claim demonstrating that new questions and involvements will flow for some time from the rulings in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, and People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179. By the responsible follow-up to Jackson in Huntley, the highest court of New York detailed procedures enumerated for the guidance of the trial courts of New York to hear separately and determine voluntariness of confessions before submission of such confession to a jury again on the same issue of voluntariness. The Court of Appeals, New York, therein specifically ruled that as to trials already concluded "no Jackson-Denno hearing will be necessary in cases where a confession was admitted without any objection by the defendant or any assertion by him or his witnesses as to voluntariness. Even in these cases, however, if the trial court has charged the jury on voluntariness the issue was in the case and a new hearing is indicated."

This petitioner was convicted in Monroe County of Burglary third degree and Grand Larceny second degree, and on June 7, 1963 sentenced as a third offender to a term of 5–6 years. The judgment of conviction was affirmed, no opinion. (People v. Schompert, Fourth Department, 20 A.D.2d 968, 251 N.Y.S.2d 430.) Judge Dye denied leave to appeal to the Court of Appeals on April 23, 1964. The petition, as usual, indicates

that many state prisoners are familiar with the most recent rulings in this post conviction field of the federal and state courts. The petitioner has filed with his papers the appellate briefs filed in the Appellate Division, Fourth Department, and such are always helpful.

In his discussion of the Jackson and Huntley cases previously cited, the petitioner contends, and it is arguable, that he would not come under the provisions of Huntley for hearing because, as he asserts, his assigned counsel did not object at the trial to the testimony of police officers concerning oral admissions nor did the Court charge on the issue of the voluntariness of such oral admissions. From these omissions it is urged New York will provide no hearing under the Huntley requirements and the question of voluntariness of the oral admissions is immediately ripe for federal habeas corpus relief and should be entertained.

The first difference to be noted here is that we have oral admissions distinct from the written confession taken in most of these situations by police or prosecutive officials. However, a reading of Jackson and Huntley does not indicate the reasoning and guides therein are to be confined to writings of incrimination only. It has been expressly held that oral admissions are within the Jackson ruling, and I would follow such interpretation. (See U. S. ex rel. Gomino v. Maroney, (D.C.W.Pa.), 231 F.Supp. 154; see also Long v. U. S. (CADC), 338 F.2d 549.) In the Jackson case there were oral statements involved, and Huntley does not limit the term "confession" to a written one.

In the situation here, the petitioner contends that he made the oral admissions in a bar and grill to two policemen who were there investigating. It seems the admissions came spontaneously but when he was in a state of acute alcoholism and suffering from delirium tremens. His brief filed in the Appellate Division contains the point of the inadmissibility of these oral admissions under such circumstances, and a letter attached to the petition from his appellate lawyer advises

that the lawyer argued vigorously this inadmissibility issue. I do not have the trial minutes and must rely on the allegations in the petition that no objections were taken and the court did not charge on the issue of voluntariness. (Pet. pg. 10.) However, in this same paragraph, it is stated in conclusion: " * * * the Court did make reference in his charge to the testimony of the Police." The wording of such reference would be important as to whether the issue of voluntariness of admissions was submitted. It is not set forth.

In this developing area, it would seem better for application to be made first to the Courts of New York. In Huntley, the Court of Appeals noted specifically that "some *but not all* of the other questions which have been [raised] or could be raised because of Jackson v. Denno (supra) are answered by us." In my opinion it should be New York which should decide whether there is sufficient contest in the trial record, directly or indirectly, or in the submission of the case by the Judge in his charge, to allow the voluntariness hearing. There is also a very recent ruling of the United States Supreme Court which remanded back to the State Court for hearing the question of waiver of a federal claim by failure to timely object instead of leaving it for federal habeas corpus. (Henry v. Mississippi, 1/18/65, 85 S.Ct. 564.) The opinion of Mr. Justice Brennan in this case states that this initial determination of waiver as to timely objection by the State Courts will serve the causes of efficient administration of criminal justice, and of harmonious federal-state judicial relations.

Finally, we have been cautioned by the Court of Appeals, Second Circuit, that we should not assume, when there may be doubt, that there is no remedy available and open in New York. (U. S. ex rel. Martin v. Murphy, 2 Cir., 319 F.2d 897; see also Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.) In the interests of the spirit of comity so necessary between the state and federal

courts concerning these mutual federal constitutional problems, application should first be made, in my judgment, for hearing and review to the Courts of New York.

The petition is denied and dismissed. The application shall be filed without the prepayment of fee, and it is

So ordered.