J. Irwin Shapiro, J.
Motion for reargument of a motion to suppress a revolver found in the glove compartment of an automobile owned by the defendant.
The police officer was attracted to the automobile because it was parked (at about 9:00 a.m.) in a zone which was restricted against parking from 8:00 a.m. to 6:00 p.m. Closer observation of the automobile revealed that the rear license plate was loosely attached by wire. He looked into the automobile but observed nothing lying about. Seeing a woman walking her dog, the police officer asked her if she knew anything about the car and she said it had been there for about two days. At that point the officer had no other information about the automobile. He then went to the glove compartment (which was closed but not locked) and found a loaded revolver therein. After taking the revolver from the glove compartment and while he was standing on the sidewalk, the defendant approached the automobile. He was asked by the police officer whether it was his automobile and whether the revolver was his and obtained affirmative answers to both questions. He then placed the defendant under .arrest for the possession of the revolver as a dangerous weapon. (Penal Law, § 1897.)
The crucial question here is whether the officer, with the knowledge he possessed prior to finding the revolver, had a right to search the car. It is now axiomatic that a search may not be justified by what it reveals. It was either good or bad when it started. (People v. Malinsky, 15 N Y 2d 86, 95 n. 3; People v. Loria, 10 N Y 2d 368, 373.)
At the time the car was searched it was illegally parked but there was no causal connection between that traffic violation *139 and the search. The police officer could have “tagged” the car for the parking violation, but there his duties, rights and responsibilities ended.
The contention now made by the People that the facts here warranted the officer’s believing that the car had been abandoned and that, therefore, the search was justified is an afterthought brought about by a suppositious example mentioned by me during the argument.
"While “ It is clear that an abandoned motor vehicle does not have the same sanctity as a defendant’s dwelling house in the constitutional field of search and seizure ” (People v. Harper, 26 Ill. 2d 85, 90) and that whether there has been an abandonment of an object is “largely a. question of intent” (United States v. Minker, 312 F. 2d 632) determinable as a question of fact (Schauffler v. United Assn. of Journeymen & Apprentices, 230 F. 2d 572, 576, cert. den. 352 U. S. 825), the claim of abandonment of the motor vehicle here asserted by the People in an effort to sustain the search must be ruled abortive as not being borne out by the facts. An alleged statement by an unknown woman that the car has been in the same location for about two- days does not spell out abandonment in the absence of circumstances not here shown to exist. If the mere presence of an automobile at a specified location for two days constituted an abandonment, common knowledge reveals that many hundreds, if not thousands, of automobiles in the metropolitan area could be deemed abandoned. A finding of abandonment here would rest on a bridge of sand.
In the absence of such a finding, and none can here be made, it is evident that the mere traffic violation could not serve as a pretext for a search of the automobile. In People v. Blodgett (46 Cal. 2d 114), a taxicab was found double-parked. Its passengers had been under police surveillance for narcotic violations. The taxi was searched and marijuana was found and the occupants were thereupon placed under arrest, not for the traffic violation but for the possession of marijuana. In suppressing the contraband the court held that although the cab driver could-have been arrested for double-parking, the search of his automobile could not be justified on that ground for it bore no relationship to the traffic violation and would not have been incidental to an arrest therefor. In People v. Ziegler (358 Mich. 355 [failure to stop at a stop sign]) and in People v. Watkins (19 Ill. 2d 11 [obstructing a crosswalk]) the courts held that arrest for the violations did not justify incidental searches of the person or the motor vehicle. (See, also, People v. Beaman, 44 Misc 2d 336.)
*140 In the posture of the present case and upon the facts available to the police officer before he commenced a search of the automobile, he could not have obtained a search warrant. (Aquilar v. Texas, 378 U. S. 108.) The People cannot justify a warrant-less search in a situation where they could not have obtained a search warrant for otherwise it would always be more advantageous for the police not to apply for a search warrant. (Preston v. United States, 376 U. S. 364.) The search here violated the defendant’s constitutional rights and the product of such violation must be suppressed and may not be used as evidence against him. The motion for reargument is granted. Upon reargument the motion to suppress is granted.