92 N.J. Super. 305 (1966)
223 A.2d 217
ROSE DEL PRESTO, PLAINTIFF,
v.
ANTHONY DEL PRESTO, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
September 22, 1966.
Mr. Herman E. Dultz, attorney for plaintiff.
Mr. Harold M. Savage, attorney for defendant.
CONSODINE, J.C.C. (temporarily assigned).
Defendant seeks to bar the admissibility of evidence secured by illegal forcible entry into the corespondent's home by plaintiff and private investigators. The motion raises the broad question of whether Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 1081 (1961), as decided or extended by subsequent decisional law, applies to civil as well as criminal cases.
*306 The mandate of the Mapp case requires all state courts to apply the exclusionary rule, previously specifically confined to the federal courts, Wolf v. People of State of Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949), to evidence procured by law officers and governmental officials through unreasonable search and seizure in violation of the Fourth Amendment to the Federal Constitution.
In Mapp, the Supreme Court of the United States said:
"We hold that all evidence obtained by searches and seizures in violation of the Constitution is, by the same authority, inadmissible in a state court." (367 U.S., at p. 655, 81 S.Ct., at p. 1691; emphasis added)
The fiat upon which it is sought to limit the impact of Mapp to governmental seizures only and not to evidence illegally gathered by private persons is the holding in Burdeau v. McDowell, 256 U.S. 465, 41 S.C. 574, 65 L.Ed. 1048 (1921), that the Fourth Amendment is not involved in nongovernmental intrusions.
In One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed. 170 (1965), Justice Goldberg, speaking for the court, stated:
"We granted certiorari, 379 U.S. 927, 85 S.Ct. 323, 13 L.Ed.2d 340, to consider the important question of whether the Constitutional exclusionary rule enunciated in Weeks v. United States, 232, U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, and Mapp applies to forfeiture proceedings of the character involved here  a question on which there has been conflict in both state and federal decisions. For the reasons set forth below, we hold that the constitutional exclusionary rule does apply to such forfeiture proceedings and consequently reverse the judgment of the Pennsylvania Supreme Court."
And,
"It would be anomalous indeed, under these circumstances, to hold that in the criminal proceeding the illegally seized evidence is excludable, while in forfeiture proceeding, requiring the determination that the criminal law has been violated, the same evidence would be admissible."
*307 Prior to this decision it had been persuasively argued that the Burdeau case was, in effect, overruled by Elkins v. United States, 364, U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960), and that this conclusion was also reached in Williams v. United States, 282 F.2d 940 (6 Cir. 1960). See Sackler v. Sackler, 15 N.Y.2d 40, 255 N.Y.S.2d 83, 203 N.E.2d 481 (Ct. App. 1964), affirming 19 App. Div.2d 751, 242 N.Y.S.2d 715 (App. Div. 1963), (dissent at p. 45).
The Sackler case had to do with facts similar to those sub judice. The Appellate Division had, by a 5-2 vote, reversed the trial court which had suppressed evidence secured by illegal forcible entry into the wife's home by the husband and several private investigators employed by him. The Court of Appeals, by a similar vote, affirmed the intermediate tribunal. The issue in all three courts was the applicability of the Mapp case to private searches.
In Carson v. State, 221 Ga. 299, 144 S.E.2d 384 (Sup. Ct. 1965), the court held that the rule excluding evidence obtained by unconstitutional searches and seizures is not limited to criminal cases. Abatement of a public nuisance was the relief there sought. The court relied on the language quoted from Mapp, supra, and the subsequent opinion in the Plymouth Sedan case.
In Sackler Chief Judge Desmond relied on New York law that:
"We must hold it to be the law until those organs of government by which a change of public policy is normally effected, shall give notice to the courts that the change has come to pass. People v. Defore, 242 N.Y. 13, 25, 150 N.E. 585, 589 (1926)."
The Plymouth Sedan case followed Sackler in time but preceded Carson. The notice of change of public policy (One 1958 Plymouth Sedan v. Pennsylvania, supra) comes from the proper organ of government.
State v. Robinson, 86 N.J. Super. 308 (Law Div. 1965), was decided prior to the Plymouth Sedan case and, to the *308 extent Robinson strictly followed Mapp was overruled by the latter case.
The applicability of Mapp to civil cases will not hinder the procurement of decrees of divorce despite the lack of direct evidence of adultery. Our cases grant divorces on the ground of adultery in the absence of such proof. Eberhard v. Eberhard, 4 N.J. 535 (1950); Day v. Day, 4 N.J. Eq. 444 (Ch. 1844); 11 N.J. Practice (Herr, Marriage, Divorce and Separation) 385 et seq. (Lodge, 3d ed. 1963).
The motion to suppress the proffered evidence is granted.