Roosevelt **WRIGHT**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 4004.

District of Columbia Court of Appeals.

Argued Oct. 24, 1966.

Decided Dec. 9, 1966.

Rehearing Denied Dec. 27, 1966.

William J. Garber, Washington, D. C., for appellant.

Robert S. Brady, Atty., Dept. of Justice, with whom David G. Bress, ·U. S. Atty., and Frank Q. Nebeker and Arthur L. Burnett, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

Appellant was convicted of possession of a prohibited weapon in violation of D. C. Code Section 22–3214(a). On appeal he asserts error in the trial court's refusal to suppress certain evidence and in its finding of guilt.

The facts are not in dispute. On January 5, 1966, at about 7:00 P.M., a security officer of the Macke Company discovered a sawed-off shotgun in a locker assigned to appellant on the company's premises.

Knowing it was an illegal weapon, he called the police for advice and was told to leave it there until the following day at which time some officers would investigate. However, since the gun was loaded he removed it from the locker at approximately 6:30 the next morning, took it to the manager's office, and at 1:30 that afternoon, turned it over to the police. Appellant was then called into the office, arrested, and asked where he had obtained the weapon. He told the police that he had found it in one of the company's trucks and put it in his locker.

■ Appellant initially contends that his pretrial motion to suppress the gun should have been granted. We disagree. It has long been settled that the Fourth Amendment's proscription against unreasonable searches and seizures applies only to governmental action and not to the independent undertakings of private citizens. As was said in Burdeau v. McDowell, 256 U.S. 465, 475, 41 S.Ct. 574, 576, 65 L.Ed. 1048, 13 A.L.R. 1159 (1921):

> "The Fourth Amendment gives protection against unlawful searches and seizures, and, as shown in the previous cases, its protection applies to governmental action. Its origin and history clearly show that it was intended as a restraint upon the activities of sovereign authority, and was not intended to be a limitation upon other than governmental agencies; as against such authority it was the purpose of the Fourth Amendment to secure the citizen in the right of unmolested occupation of his dwelling and the possession of his property, * *."

This doctrine has never been reexamined by the Supreme Court and is still followed today.[1] The cases of Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed. 2d 1669 (1960) (rejecting the "silver platter" doctrine and holding that evidence obtained by state police from a search and seizure which would be unconstitutional if similarly conducted by federal officers could not be used in federal courts even though the federal authorities did not participate in the search and seizure), and Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933 (1961) (holding that the Fourth Amendment proscription against unreasonable searches and seizures was applicable to the states under the Fourteenth Amendment, so that evidence seized in violation of the Constitution could no longer be used in state courts), do not overrule the holding of Burdeau, supra.

■ Appellant argues, however, that the Metropolitan Police participated in the search and seizure, and therefore Lustig v. United States, 338 U.S. 74, 69 S.Ct. 1372, 93 L.Ed. 1819 (1949), required suppression of the weapon. In Lustig, the Court discussed the concept of participation and stated:

> "The crux of that doctrine is that a search is a search by a federal official if he had a hand in it; it is not a search by a federal official if evidence secured by state authorities is turned over to the federal authorities on a silver platter. The decisive factor * * * is the actuality of a share by a federal official in the total enterprise of securing and selecting evidence by other than sanctioned means. It is immaterial whether a federal agent originated the idea or joined in it while the search was in progress. So long as he was in it before the

1. United States v. Goldberg, 330 F.2d 30 (3d Cir.), cert. denied, 377 U.S. 953, 84 S.Ct. 1630, 12 L.Ed.2d 497 (1964); United States v. Frank, 225 F.Supp. 573 (D.D.C.1964), aff'd in part, rev'd in part on conditon, 120 U.S.App.D.C. 392, 347 F.2d 486, petition for cert. dismissed 382 U.S. 923, 86 S.Ct. 317, 15 L.Ed.2d 338 (1965); People v. Randazzo, 220 Cal. App.2d 768, 34 Cal.Rptr. 65 (Dist.Ct.App. 1963), cert. denied, 377 U.S. 1000, 84 S.Ct. 1933, 12 L.Ed.2d 1050 (1964); Moody v. United States, D.C.Mun.App., 163 A.2d 337 (1960); State v. Robinson, 86 N.J.Super. 308, 206 A.2d 779 (Super. Ct.1965). Contra, Del Presto v. Del Presto, 92 N.J.Super. 305, 223 A.2d 217 (Super.Ct.1966).

object of the search was completely accomplished, he must be deemed to have participated in it." 338 U.S. at 78–79, 69 S.Ct. at 1374.

This same reasoning applies to a determination of the participation of governmental authorities in a search and seizure by a private citizen.

■ In the case at bar, the weapon was seized by the security officer after he had been expressly instructed to leave it where it was.[2] When the police arrived at the scene, "the object of the search was completely accomplished." They neither originated the idea nor joined in it while it was in progress. We hold that the search and seizure were not unreasonable and that the trial court did not err in denying the motion to suppress.[3]

■ Appellant next argues that his statement to the police should not have been allowed in evidence, relying on Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). That case held that the denial of the assistance of counsel in violation of the Sixth Amendment rendered inadmissible any incriminating statements elicited by the police. In discussing the point in time at which the right to counsel arises, the Court stated:

"[W]hen the process [of interrogation] shifts from investigatory to accusatory— when its focus is on the accused and its purpose is to elicit a confession—our adversary system begins to operate, and, *under the circumstances here*, the accused must be permitted to consult with his lawyer." (Emphasis added.) 378 U. S. at 492, 84 S.Ct. at 1766.

The circumstances referred to which rendered the defendant's statements inadmissible were that:

"the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, * * *." 378 U.S. at 490–491, 84 S.Ct. at 1765.

It is to be noted, however, that *Escobedo* is "not to be read as rendering inadmissible all uncounseled utterances made by an accused or arrested person." Cephus v. United States, 122 U.S.App.D.C. 187, 189, 352 F.2d 663, 665, cert. dismissed, 382 U.S. 897, 86 S.Ct. 229, 15 L.Ed.2d 154 (1965); Long v. United States, 119 U.S.App.D.C. 209, 338 F.2d 549 (1964). The United States Court of Appeals for the District of Columbia Circuit has repeatedly held that it was the combination of circumstances in *Escobedo*, rather than the mere "focusing" on the accused which was the crux of that decision. Cephus v. United States, supra; Kennedy v. United States, 122 U.S.App. D.C. 291, 353 F.2d 462 (1965). That court has also stated that casual police questioning such as that which occurred here is permissible and may be beneficial to the suspect in that it may help him explain away a strong circumstantial case. Heideman v. United States, 104 U.S.App.D.C. 128, 130–131, 259 F.2d 943, 945–946 (1958), cert. denied, 359 U.S. 959, 79 S.Ct. 800, 3 L.Ed.2d 767 (1959). Accord, United States v. Cone, 354 F.2d 119 (2d Cir. 1965), cert. denied, 384 U.S. 1023, 86 S.Ct. 1958, 16 L. Ed.2d 1026 (1966); United States v. Robinson, 354 F.2d 109 (2d Cir. 1965). We hold

---

2. This is not a case of a private individual acting at the direction of the police, in concert with them, or under color of their authority, as was true in State v. Scrotsky, 39 N.J. 410, 189 A.2d 23 (1963), and Moody v. United States, supra n. 1.

3. Appellant's reliance on United States v. Blok, 88 U.S.App.D.C. 326, 188 F.2d 1019 (1951), and Villano v. United States, 310 F.2d 680 (10th Cir. 1962), is misplaced. The principal question in both cases was that of who had standing to raise an objection to an unreasonable search and seizure.

that the facts of the instant case do not place appellant's statement within the exclusionary rule of *Escobedo*.

Subsequent to the decision of the trial court herein and the filing of briefs on this appeal, the Supreme Court decided Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which extended the scope of Escobedo v. State of Illinois, supra, by requiring the exclusion of all statements made during "custodial interrogation" unless the person in custody has been advised, prior to any questioning, that he has the right to remain silent, that anything he says can be used against him at trial, and that he has a right to the presence of an attorney, either retained or appointed. On oral argument, counsel for appellant urged us to apply these new standards to appellant's statement. This we are unable to do.

In Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), the Supreme Court specifically declared that *Miranda* should not be given retroactive effect. The Court discussed at great length its reasons for this prospective application, and further stated that since the standards set down in *Miranda* could not have been fully anticipated in *Escobedo*, the former would apply to trials begun after June 13, 1966, while the latter would apply to trials begun after June 22, 1964. On the basis of *Johnson*, we decline to apply the Miranda standards to the case at bar. Accord, Lepper v. Langlois, 222 A. 2d 678 (R.I.1966.)

Finally, appellant argues that there was insufficient evidence to support his conviction in that there was no evidence that he had actual or constructive possession of the weapon on the date alleged in the information. This ignores appellant's admission that he had the weapon in his locker and that he had put it there. We hold that the evidence was sufficient to sustain his conviction.

Affirmed.