Morton B. Silberman, J.
Defendant moves for an order to suppress as evidence a certain pistol. Defendant has been indicted for the unlawful possession of said pistol. Defendant contends that the pistol was obtained in violation of his constitutional rights against unreasonable searches and seizures.
At the hearing, a security guard employed by a Grandway department store testified that he observed defendant “ shoplifting ” batteries by concealing same in his coat. Defendant testified at the hearing. He admitted that he did steal five batteries. Both the security guard and the defendant testified that after defendant left the store the security guard stopped him and told him that he was under arrest for shoplifting, and that defendant accompanied the security guard to a private office in the store. They both further testified that in the office the security guard requested defendant to empty his pockets, and that defendant removed the five batteries from his coat pocket. With respect to finding the pistol, the security guard testified that he requested defendant to remove his coat and jacket; that the defendant did so; that in searching the coat and jacket, he found in an inside pocket of the jacket a fully loaded pistol. Defendant testified that the security guard asked him to remove his coat, and that as he was removing his coat the security guard placed his hand in the inside pocket of defendant’s jacket and removed the loaded pistol therefrom.
It is defendant’s contention that the search of his inside jacket pocket in the manner described, and the seizure of the pistol therefrom was illegal.
There is no question but that the security guard, having seen a crime (petit larceny) committed in his presence, had a right to arrest the defendant. A peace officer or a private person may arrest another for a crime committed or attempted in his presence (Code of Crim. Pro., §§ 177 and 183).
The arrest here was made by a private person, and not by a peace officer. Defendant does not contend that the security guard was a peace officer, although in defendant’s memorandum of law defendant urges that the security guard was “ acting under color of government authority ”. There is no basis for a finding that the security guard was acting under color of governmental authority. He was a privately employed security guard employed for the very purpose of detecting shoplifting and making arrests therefor. (See section 218 of the General Business Law, which provides that an employee *266 of a mercantile establishment has a complete defense in an action for false arrest, etc., where a person is detained to permit investigation or questioning when the employee had reasonable grounds to believe that the person detained was committing or attempting to commit a larceny on the premises.)
The mere fact that a security guard displays a badge and requests the person arrested to empty his pockets does not make him a peace officer and does not make Mm a person “ acting under governmental authority ’ ’. This would be so, even if the defendant, in fact, believed that the security guard was “ acting under color of governmental authority”. Either the security guard who made the arrest was a peace officer or governmental agent, or he was not. The distinction, of course, is most pertinent, because alleged illegal searches made by a nongovernmental agent are not in derogation of a defendant’s constitutional rights against unreasonable searches and seizures. (Burdeau v. McDowell, 256 U. S. 465 [1921]; People v. Torres, 49 Misc 2d 39 [1966]; People v. Trimarco, 41 Misc 2d 775 [1963]; United States v. Viale, 312 F. 2d 595 [1963]; Wright v. United States, 224 A. 2d 475 [C. A., D. C.] [1966].) The only exception to this propostion would be. where the nongovernmental agent acts in collusion with a governmental agent. No such claim is made in this case.
In Burdeau v. McDowell (256 U. S. 465, 475, supra) the United States Supreme Court held that the Fourth. Amendment protection against unlawful searches and seizures applies only to governmental action. The court there stated that the origin and history of the Fourth Amendment “ clearly show that it was intended as a restraint upon the activities of sovereign authority, and was not intended to be a limitation upon other than governmental agencies ”.
Recent decisions in Federal appellate courts continue to cite Burdeau. In Wright v. United States (supra) the Court of Appeals for the District of Columbia, citing Burdeau, held a search and seizure of a gun by a privately employed security officer was not violative of the Fourth Amendment. In United States v. Viale (312 F. 2d 595 [1963], supra) the Court of Appeals for the Second Circuit also cited Burdeau in affirming a conviction on evidence seized by persons other than peace officers.
Recent decisions in our New York courts are to the same effect. In .People v. Trimarco (41 Misc 2d 775 [1963]) and in People v. Torres (49 Misc 2d 39 [1966]) motions for suppression of evidence seized by a security investigator of an airline and by a building superintendent, respectively, were denied. Both *267 decisions were upon the authority of Burdeau v. McDowell (supra). (See, also, People v. Frank, 52 Misc 2d 266, on admissibility of statements made to a store security guard by arrested person.)
In the within case it is clear that the person who made the arrest and made the search and seizure of the pistol was a private person and was not a peace officer.
It is, however, also argued by defendant that if the security guard be deemed a private person, as distinguished from a peace officer, that as such private person he would not have the right to make a physical search of the defendant without the consent of the defendant. Defendant cites in support of this contention Matter of Fried (68 F. Supp. 961) and People v. Alberta (37 Misc 2d 847).
In the Fried ease (supra, p. 964) the United States District Court Judge did state that “ a private person could in no event make a search incidental to an arrest ’ ’. However, the Court of Appeals, Second Circuit, in its decision in 1963 in United States v. Viale (supra, p. 600) stated: “ This holding [Fried], however, is contrary to our decision in United States v. Park Avenue Pharmacy, 2 Cir., 56 F. 2d 753, 756, and also to Coplon v. United States, 89 U. S. App. D.C. 103, 191 F. 2d 749, 754, cert, denied 342 U. S. 926, 72 S. Ct. 363, 96 L. Ed. 690. The rationale that justifies searches incident to lawful arrests — as outlined in United States v. Rabinowitz, 339 U. S. 56, 60-61, 70 S. Ct. 430, 94 L. Ed. 653 — would seem to apply with equal force whether the arrest is made by an officer or a private citizen. If the arrests were valid under § 183 [N. Y. Code Crim. Pro.], the searches incidental thereto were valid also.”
The other case cited by defendant, People v. Alberta (supra) was decided before Viale, and there the County Judge relied upon the holding in Fried.
The holding in Viale disposes of the two cases cited by defendant for the proposition of inadmissibility of evidence seized by a private person in a physical search of a defendant made incidental to a lawful arrest.
Upon the foregoing, there is no necessity to determine the further issue raised by defendant, that the search and seizure herein was made without defendant’s consent. Such issue would require determination only if there was validity to defendant’s contention that a private person does not have the right, without consent, to make a search of one who has been lawfully arrested.
*268 The court finds and concludes that:
1. The security guard made a lawful arrest for a crime committed in his presence.
2. The security guard was not a peace officer or governmental agent, and was not acting in collusion with any peace officer or governmental agent.
3. The search was made incidental to defendant’s lawful arrest.
4. The search made by the security guard did not violate defendant’s constitutional rights against unreasonable search and seizure.
The motion to suppress the pistol as evidence is denied.