■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROSCOE GASTON GRANGER, Appellant.—Judgment of the County Court, Suffolk County, rendered December 9, 1966, affirmed. No opinion. Beldock, P. J., Brennan, Rabin and Hopkins, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: On the proof in this case, the jury could have found that a "special employee" of the police department improperly entrapped defendant into making a sale of marijuana. Hence, the trial court's refusal to charge the jury on the defense of entrapment was reversible error (see, *People* v. *Williams*, 38 Misc 2d 80; cf. Penal Law, § 35.40 [eff. Sept. 1, 1967]).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERWIN HORMAN, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 31, 1967, convicting him of criminal possession of a firearm as a misdemeanor, upon a plea of guilty, and imposing sentence. The appeal has been brought up for review an intermediate order of said court, made on November 3, 1966 after a hearing, which denied his motion to suppress certain evidence. Judgment and order affirmed. In our opinion, the trial court correctly denied defendant's motion. In this State evidence wrongfully obtained by a private person is admissible in a State criminal prosecution (*People* v. *Torres,* 49 Misc 2d 39; *People* v. *Trimarco,* 41 Misc 2d 775; see, *People* v. *Kowalczyk,* 20 N Y 2d 835; *People* v. *Santiago,* 53 Misc 2d 264). A similar rule prevails in the Federal jurisdiction (*Burdeau* v. *McDowell,* 246 U. S. 465). The prohibition in the Fourth Amendment does not preclude the admissibility of such evidence and neither *Mapp* v. *Ohio* (367 U. S. 643) nor *Elkins* v. *United States* (364 U. S. 206) overruled *Burdeau* (*supra*) (*United States* v. *McGuire,* 381 F. 2d 306; *Barnes* v. *United States,* 373 F. 2d 517; *Wright* v. *United States,* 224 A. 2d 475 [D.C.]; *United States* v. *Goldberg,* 330 F. 2d 30, cert. den. 377 U.S. 953; *Geniviva* v. *Bingler,* 206 F. Supp. 81; *Randazzo* v. *California,* 220 Cal. App. 2d 768, cert. den. 377 U.S. 1000; *Sackler* v. *Sackler,* 16 A D 2d 423, mot. for lv. to app. den. 16 A D 2d 950; see, *People* v. *Appelbaum,* 277 App. Div. 43, affd. 301 N. Y. 738). It has been held that evidence wrongfully obtained by a public official is not admissible in a civil proceeding (*Incorporated Vil. of Laurel Hollow* v. *Laverne Originals,* 17 N Y 2d 900; *One 1958 Plymouth Sedan* v. *Pennsylvania,* 380 U. S. 693; see, *Dixson* v. *State of New York,* 54 Misc 2d 100; *Reyes* v. *Rosetti,* 47 Misc 2d 517). However, evidence illegally taken by a private person is admissible in a civil proceeding (*Sackler* v. *Sackler,* 15 N Y 2d 40). It therefore appears that the prohibition against unreasonable search and seizure is only directed toward governmental participation in the original taking (cf. *Corngold* v. *United States,* 367 F. 2d 1; *People* v. *Fierro,* 236 Cal. App. 2d 344). Beldock, P. J., Brennan, Rabin and Hopkins, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and order and to grant defendant's motion to suppress evidence, with the following memorandum: No special privilege attaches to a security officer in a business establishment to engage in an alleged search and seizure free of the constitutional restriction applicable to a police officer.