Frank P. De Luca, J.
This decision is written after a hearing on a motion to suppress all property and information obtained by the Suffolk County Police Department as a result of an alleged illegal search and seizure.
FACTS
An employer, having his suspicions of missing parts, let the air out of the defendant’s automobile tire. At quitting time when the defendant got into his automobile and discovered he had a flat tire, the employer came out to the defendant and asked him what the problem was, knowing full well what the problem really was, the employer having let the air out of the tire in the first instance. During a conversation with the defendant the employer let it be known that he expected the *327 defendant to fix the flat tire, thereby allowing the employer to be able to see what was in fact in the trunk to substantiate his suspicions. The defendant stated that he was not going to fix the tire and the employer went to the ignition switch and removed the keys and allegedly asked the defendant to open the trunk.
The testimony was that in the first instance the defendant refused to open the trunk, but after a little persuasion he did in fact open the trunk and the employer, after viewing the fittings and brass parts allegedly taken from the employer’s premises, stated that the defendant was under arrest. The employer asked the defendant to come to the office, and called a police officer who arrested the defendant and placed him in a car after giving him the usual warnings.
The police officer, with the keys in his possession, then opened the trunk and obtained the items allegedly stolen.
The question posed is whether a civilian arrest is proper under these circumstances to justify an arrest by a police officer thereafter called, and a further search and the fruits thereof, resulting in charging the defendant with a crime.
DECISION
As to a citizen’s authority to arrest, the following sections of the Code of Criminal Procedure are applicable :
A private person may arrest another for an offense, committed or attempted in his presence (Code Crim. Pro., § 183).
A private person before making an arrest must inform the person to be arrested of the cause thereof, except when he is in the actual commission of the offense (Code Crim. Pro., § 184).
A private person who has arrested another for the commission of an offense, must without unnecessary delay deliver him to a peace officer (Code Crim. Pro., § 185).
A peace officer may, without a warrant, arrest a person when he has reasonable cause for believing that a person has been legally arrested by a citizen as provided in section 185 (Code Crim. Pro., § 177, subd. 5).
With respect to search and seizure by a private citizen, it has been held that the constitutional prohibitions against unreasonable search and seizure “ relate solely to the sovereign authority and its agencies and not to individuals ” (People v. Appelbaum, 277 App. Div. 43, 45, affd. 301 N. Y. 738).
In United States v. McGuire (381 F. 2d 306, 313) the United States Court of Appeals for the Second Circuit, by way of dicta, observed that it could be constrained to hold that use by the Government of privately seized evidence cannot violate the *328 Fourth Amendment. The court made the following statement: “ The thrust of the Fourth Amendment is to assure protection from official, not private, intrusion. See Hoffa v. United States, 385 U. S. 293, 301.”
In People v. Horman (29 A D 2d 569), decided by the Appellate Division, Second Department on December 29, 1967, before Justices Beldock, Brennan, Babin and Hopkins, the defendant had moved in the trial court to suppress certain evidence illegally obtained by a private person, which the trial court denied. The Appellate Division, in affirming the order denying the motion to suppress, stated: “In our opinion the trial court correctly denied defendant’s motion. In this State evidence wrongfully obtained by a private person is admissible in a State criminal prosecution (People v. Torres, 49 Misc 2d 39; People v. Trimarco, 41 Misc 2d 775; see, People v. Kowalczyk, 20 N Y 2d 835; People v. Santiago, 53 Misc 2d 264). A similar rule prevails in the Federal jurisdiction (Burdeau v. McDowell, 256 U. S. 465).”
People v. Horman was further appealed to the Court of Appeals and decided by that court on July 1, 1968 (22 N Y 2d 378). The Court of Appeals affirmed the Appellate Division’s ruling denying the motion to suppress, stating as follows (pp. 381-382): “It has long been settled that our State’s prohibitions against unlawful searches and seizures (N. Y. Const., art. I, § 12; Civil Rights Law, § 8) do not require exclusion of evidence because a private individual has gathered it by unlawful means. (People v. Defore, 242 N. Y. 13, 22, 23 [1926]; People v. Richter’s Jewelers, 291 N. Y. 161, 168 [1943]). * * *
“ Since the evidence in this case was seized without the participation or knowledge of any governmental official, it is admissible in a criminal prosecution.”
In the instant case the defendant’s employer conducted a search of the defendant’s car prior to any arrest being made. Nevertheless, this search was not violative of the Fourth Amendment, under the holding of People v. Horman (supra) and under the holding of Burdeau v. McDowell (256 U. S. 465), where the United States Supreme Court held that the Fourth Amendment protection against unlawful searches and seizures applies only to governmental action. The court there stated that the origin and history of the Fourth Amendment (p. 475) “clearly show[s] that it was intended as a restraint upon the activities of sovereign authority, and was not intended to be a limitation upon other than governmental agencies
*329 As already seen, a private person may arrest another for a crime committed or attempted in his presence (Code Crim. Pro., § 183).
In People v. Torres (49 Misc 2d 39) defendants were searched by a private person after being detained on pure suspicion. This search by the private person revealed possession of certain burglary equipment, whereupon the police were called and a police arrest was made. When defendant was brought to the police precinct a subsequent search was made of defendant’s person which revealed the proceeds of a recent burglary. Here the defendants conceded that their application for suppression was not based upon any lack of probable cause for the arrest and search by police when they arrived, but upon the unauthorized and illegal search conducted by the private person. The court held as follows (p. 44): ‘ ‘ Having come to the conclusion that if an individual by an illegal search and seizure obtains possession of property without prearrangement with, or connivance by the State, the latter may nevertheless use it as evidence against the person from whom it was wrongfully obtained to convict of a crime * * * the motion of the defendants to suppress the items found upon them is in all respects denied.”
There is similarity between the Torres case and the instant matter. In both cases there was an unauthorized search by a private person, followed by a police arrest predicated upon reasonable cause by the arresting officer for believing that defendant had been legally arrested by a citizen as authorized pursuant to subdivision 5 of section 177 of the Code of Criminal Procedure. There is a dissimilarity, however, with respect to the search of defendant following the police arrest. In Torres defendant’s person was searched as incident to the police arrest, whereas, in the instant case defendant’s car was searched as an incident to the police arrest.
Where a lawful arrest has been made by a police officer a search of the automobile is deemed reasonable if it is conducted incident to the arrest. Such incident search must be contemporaneous, i.e., as to time and place, and provided, further, that the automobile is within the immediate control of the defendant at the time of the arrest (People v. Lombardi, 18 A D 2d 177, affd. 13 N Y 2d 1014; cf. People v. Beaman, 44 Misc 2d 336). “ One can be in an ‘ immediate control ’ of a vehicle without actually being in it at the time. In People v. Coiro (N. Y. L. J., October 2,1964, p. 181), Coiro was arrested outside of his vehicle, but the search of the car without a war *330 rant was held to be reasonable as incident to a lawful arrest, since the vehicle was found to be under his immediate control at the time.” (Ringel, “Arrests, Searches, Confessions ”, Could Publications, p. 297.)
A similar ruling was made by a California court in People v. Daily (157 Cal. App 2d 649). “Daily was arrested, based on probable cause, without warrant, in the home of the prosecutrix for the felonies of abortion and conspiracy to commit an abortion. He was searched and a key to his automobile was found on his person. He told the police that his car was parked some 50-60 feet distant. The police, without a warrant, opened his car, searched it and seized certain medicines, materials and instruments used or useful in the commission of abortions, which they found in the trunk of the car. The automobile was held to be within the immediate control of the defendant at the time of his arrest, even though it was some 60 feet away, and the search of the vehicle without a warrant was found to be reasonable as incident to a lawful arrest. With respect to the necessity for obtaining a warrant, the Court stated: ‘ A man’s automobile, unlike his house, is a mobile object and the need for immediate search is deemed that much greater. See: Carroll v. United States, 267 U. S. 132, 153; United States v. Cefaratti, 91 U. S. App. D.C. 297, 202 F(2) 13.’” (Ringel, “ Arrests, Searches, Confessions ”, Gould Publications, p. 298.)
In People v. Montgomery (21 A D 2d 904) the Appellate Division, Second Department, before Justices Beldock, Ughetta, Kleinfeld, Christ and Brennan, held that search of defendant’s car at the time and place of the arrest (which continued at the police precinct after a brief and reasonable suspension), incidental to and contemporaneous with a lawful arrest, was valid.
The civilian arrest, under the circumstances, was proper, and justified arrest by the police officer. The search of the automobile, founded as it was upon probable cause, as well as being incidental to and contemporaneous with the lawful arrest by the police officer, was valid.
Accordingly, motion to suppress is denied.