Charles Marks, J.
This is a motion for an order: (a) to suppress the use of certain papers as evidence on the trial and (b) for an inspection of the Grand Jury minutes and a dismissal of the indictment.
The defendant is charged with the crimes of forgery in the second degree and attempted grand larceny in the second degree in that he forged a signature to a transportation receipt and received airplane tickets as a result thereof.
The basis for the motion to suppress evidence alleged to have been obtained as a result of an unlawful search and seizure is that the defendant was forcibly removed from an airplane by alleged security officers of the airport or airline, taken to a room where he was searched and certain documents were removed from his person. The defendant claims that he did not consent to these actions and he was held in the room until the police came and arrested him. He was subsequently indicted as set forth above.
In his answering affidavit, without admitting the other allegations, the District Attorney identified the security officer as one Francis Duffy, a ¡security investigator for National Airlines. It is conceded that Mr. Duffy was privately employed and was not a governmental officer or official.
The defendant contends that the evidence was seized as a result of a criminal trespass upon him in the airplane and not as a result of a lawful arrest. While acknowledging that an *776 arrest may be made by a private person (Code Crim. Pro., § 168), he urges it can only be made as allowed by section 183 of the Code of Criminal Procedure and that in this instance the private persons failed to inform the defendant of the cause for the arrest (Code Crim. Pro., § 184). He further claims that while a police officer may make a search as an incident to a lawful arrest, a private person may not, and therefore any evidence so obtained must be suppressed so as not to be available upon the trial.
This court holds that, as a matter of law, the defendant’s arguments are legally insufficient to warrant the relief sought.
Burdeau v. McDowell (256 U. S. 465 [1921]) involved an equity proceeding to recover certain papers and documents stolen by private individuals without the connivance of any governmental official and then turned over to the Attorney General’s office for prosecution. The Supreme Court held that the record showed that no official of the Federal Government was involved in the wrongful search of the petitioner’s property. It was held (p. 475): “The Fourth Amendment gives protection against unlawful searches and seizures, and as shown in the previous cases, its protection applies to governmental action. Its origin and history clearly show that it was intended as a restraint upon the activities of sovereign authority, and was not intended to be a limitation upon other than governmental agencies; as against such authority it was the purpose of the Fourth Amendment to secure the citizen in the right of unmolested occupation of his dwelling and the possession of his property, subject to the right of seizure by process duly issued.” The court then came to the conclusion that the Government had the right to use the papers in a subsequent investigation by a Grand Jury and that the papers could be used as evidence on a trial against the defendant.
In People v. Randazzo (34 Cal. Rptr. 65 [D. C. App., 1963]) the court held that evidence obtained by a department store private detective as a result of an unreasonable search was admissible in evidence on the ground that the detective was not connected in any way with a governmental agency. The California court based its opinion on the Burdeau case (supra) and held that Burdeau is still the law as it never has been expressly overruled or reconsidered. The opinion examined other State and Federal courts rulings wherein the Burdeau rule was followed.
In view of the above, this court holds that even if the papers were taken through an illegal search and seizure, the act was *777 committed by a person not connected with any governmental agency, and, therefore the evidence is admissible.
The defendant’s point that a private person may not make a search incidental to a lawful arrest is without legal validity (United States v. Viale, 312 F. 2d 595 [C. A. 2d, 1963]).
The motion to suppress evidence is denied. The motion for an order to inspect the Grand Jury minutes and for a dismissal of the indictment is denied (People v. Howell, 3 N Y 2d 672).