**Earl C. SINGLETON, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 4027.**

District of Columbia Court of Appeals.

Argued Oct. 31, 1966.

Decided Jan. 6, 1967.

Laurens H. Silver, Washington, D. C., for appellant.

Theodore Wieseman, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker and Geoffrey M. Alprin, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

Appellant entered a local department store, walked behind the counter of the men's hat department, bent down, and then stood up and looked at several caps. After looking around for a few minutes, he left the store with his right hand in his coat pocket. A special policeman, observing all of these actions, followed appellant outside and saw him enter a dime store. As appellant came out of the dime store, he took a plaid cap from underneath his coat and placed it on his head. The officer, now satisfied that appellant had stolen the cap from the department store, placed him under arrest. Appellant was subsequently convicted of petit larceny. This appeal questions the arrest powers of special policemen commissioned under D.C.Code Section 4–115.[1]

■ Police officers may arrest without a warrant when there is probable cause to believe that a felony has been committed and that the arrested person committed it, Smith v. United States, 103 U.S.App.D.C. 48, 254 F.2d 751, cert. denied, 357 U.S. 937, 78 S.Ct. 1388, 2 L.Ed.2d 1552 (1958), and when a misdemeanor has been committed in their presence or view, Maghan v. Jerome, 67 App.D.C. 9, 88 F.2d 1001

(1937). They may also arrest for certain misdemeanors, including petit larceny, using the probable cause standard. E. g., D.C. Code § 23–306 (1961). Although conceding there was probable cause to arrest him, appellant claims his arrest was unlawful since a special policeman is not a "police officer" within the meaning of Section 23–306(c).

■■ The law regarding the status of special policemen is sparse. The Supreme Court stated in National Labor Rel. Bd. v. Jones & Laughlin Steel Corp., 331 U.S. 416, 67 S.Ct. 1274, 91 L.Ed. 1575 (1947):

"It is a common practice in this country for private watchmen or guards to be vested with the powers of policemen, sheriffs or peace officers to protect the private property of their private employers. And when they are performing their police functions, they are acting as public officers and assume all the powers and liabilities attaching thereto." 331 U.S. at 429, 67 S.Ct. at 1281.

"[S]pecial policemen are public officers when performing their public duties." 331 U.S. at 431, 67 S.Ct. at 1282.

Accord, Barnard v. Wabash R. R., 208 F.2d 489 (8th Cir. 1953); Frank v. Wabash R. R., 295 S.W.2d 16 (Mo.1956). We are convinced of the soundness of this view and hold that while on duty and in his prescribed area of authority, a special policeman may arrest when he has probable cause to believe that the arrested person has perpetrated the crime of petit larceny on the merchandise of his employer. Our opinion in McKenzie v. United States, D.C.Mun. App., 158 A.2d 912 (1960), is not to the contrary. We there held that a special policeman, *who was neither on duty nor on his way to or from his duty station,* was

---

1. Special policemen may be appointed in the District to protect the property of an individual or corporation. They are paid by their employer, but are subject to rules and regulations promulgated by the Commissioners. These regulations deal with their duties, areas of authority, right to wear uniforms and badges, right to possess firearms, and with certain of their dealings with the police.

not a police officer and could be convicted of carrying a concealed weapon. The corollary is also true, namely, that if he had been on duty or on his way to or from his duty station he would have had the right, as a police or other law-enforcement officer, to carry the weapon.[2]

 If, as appellant contends, special policemen have the power to arrest only for misdemeanors committed in their presence or view, their status would be little more than that of private citizens,[3] although they are authorized to wear uniforms and carry weapons. A store would then have to employ an army of special policemen to insure that every act of shoplifting was personally observed, but this is impractical. The other alternative is for sales personnel to either arrest shoplifters themselves [4] or seek assistance from the Metropolitan Police. Neither of these solutions is desirable since the former places the salesclerk in physical danger, and the latter affords the criminal the opportunity to flee or dispose of the stolen merchandise. In short, reality dictates the necessity for allowing a salesclerk to report a shoplifting incident to a special policeman who can then arrest the suspect on probable cause. This not only ensures the safety of employees while denying the misdemeanant the opportunity to dispose of the stolen goods, but gives meaning to the statute which authorizes the use of special policemen.

We hold, therefore, that as limited supra, a special policeman is a police officer within the meaning of Code Section 23–306(c).

Affirmed.

2. D.C.Code § 22–3205 provides: "The provisions of section 22–3204 [making it a crime to carry a pistol without a license] shall not apply to * * * policemen or other duly appointed law-enforcement officers, * * *."

3. A private citizen may arrest for misdemeanors involving breaches of the peace

and felonies when such crimes are committed in his presence. Restatement (Second), Torts § 119 (1965).

4. This assumes that petit larceny is a "misdemeanor involving a breach of the peace," on which question we offer no opinion.