**UNITED STATES of America**

v.

**Cassius J. DORSEY, Appellant.**

**No. 24578.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 17, 1971.

Decided July 13, 1971.

---

Mr. John A. McGuinn, Washington, D. C. (appointed by this court) for appellant.

Mr. Charles H. Roistacher, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and John G. Gill, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and WRIGHT and LEVENTHAL, Circuit Judges.

BAZELON, Chief Judge:

Appellant was convicted of carrying a dangerous weapon, 22 D.C.Code § 3204. In this appeal he challenges his conviction on two grounds: first that his arrest was illegal and the introduction of a revolver taken from him following the arrest was in error and, second, that the cumulative effect of the waivers and stipulations made at trial was equivalent to a plea of guilty and required the trial court to make the inquiries demanded by Fed.R.Crim.P. 11. We affirm.

### I.

The first question concerns the authority of a special police officer commissioned under 4 D.C.Code § 115 [1] to arrest for a misdemeanor committed in his presence and not involving a breach of the peace.[2] The pertinent facts disclose that appellant entered a liquor store and requested a package of cigarettes. A non-uniformed special police officer, hired in response to earlier robberies at the store, was acting as a sales clerk. As the officer handed appellant the cigarettes, he noticed a revolver in the top of appellant's trousers. After inquiring as to appellant's possession of a fire-

---

1. 4 D.C.Code § 115 provides:
   The Commissioners of the District of Columbia, on application of any corporation or any individual, or in their own discretion, may appoint special policemen for duty in connection with the property of, or under the charge of, such corporation or individual; said policemen to be paid wholly by the corporation or person on whose account their appointments are made, and to be subject to such general regulations as the said Commissioners may prescribe.

2. The issue of the authority of special police to arrest for misdemeanors was raised but explicitly not decided in Gaither v. United States, 134 U.S.App.D.C. 154, 413 F.2d 1061 (1969).

arms permit and receiving an unsatisfactory response, the officer purported to arrest appellant for carrying a concealed weapon.[3] He then disarmed appellant and notified the Metropolitan Police.

Appellant argues that the arrest powers of special police extend no further than those of a private citizen; since no breach of the peace was involved, the arrest was without authority[4] and the revolver should have been suppressed. Even if the officer's arrest powers are analogous to those of a private citizen, however, it does not necessarily follow that the revolver must be suppressed. In Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921) the Supreme Court held that the exclusionary rule does not apply to illegal searches by private citizens, and this holding has been consistently followed by the various Courts of Appeal.[5] Thus, if for purposes of arrest a special policeman is a private citizen, then he may well be a private citizen for purposes of the exclusionary rule as well.[6]

The Government contends that commission under 4 D.C.Code § 115 gives special police the same authority as public police while on duty protecting the property of his employer. Reliance is placed on Singleton v. United States, 225 A.2d 315 (D.C.Ct.App.1967). There a special policeman made an arrest for petit larceny (shoplifting) not committed in his presence and thus beyond the powers of arrest possessed by private citizens. The District of Columbia Court of Appeals held that special police commissioned under 4 D.C.Code § 115 were within the terms of 23 D.C.Code § 306 which gives "police officers" the power to arrest for petit larceny on probable cause.[7]

3. Appellant was convicted for a violation of 22 D.C.Code § 3204 which is ordinarily punished as a misdemeanor under 22 D.C. Code § 3215. While appellant was ultimately convicted on a felony charge, this was the result of his previous conviction for the same offense. Since there is no evidence that the arresting officer knew of this previous conviction, the arrest must be considered one for an apparent misdemeanor.

4. At common law, a private citizen could arrest only for those misdemeanors both committed in his presence and involving a breach of the peace. Gaither v. United States, 134 U.S.App.D.C. 154, 170, 413 F.2d 1061, 1077 (1969); Restatement (Second) of Torts § 119 (1965). Effective February 1, 1971, this authority has been cut back by statute. Section 210(a) of the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L.No. 91–358, codified as 23 D.C. Code § 582 (Supp. IV, 1971), limits citizen arrest for crimes other than felonies, to assault, petit larceny, receiving stolen goods, and attempts to commit burglary, grand larceny, and unauthorized use of motor vehicles, committed in the citizen's presence.

5. See, e. g., Watson v. United States, 391 F.2d 927 (5th Cir.), cert. denied, 393 U.S. 985, 89 S.Ct. 459, 21 L.Ed.2d 446 (1968); Wolf Low v. United States, 391 F.2d 61 (9th Cir.), cert. denied, 393 U.S. 849, 89 S.Ct. 136, 21 L.Ed.2d 119 (1968);

Barnes v. United States, 373 F.2d 517 (5th Cir. 1967); United States v. Goldberg, 330 F.2d 30 (3rd Cir.), cert. denied, 377 U.S. 953, 84 S.Ct. 1630, 12 L.Ed.2d 497 (1964). Cf. United States v, Antonelli, 434 F.2d 335 (2nd Cir. 1970).

6. While the actions of a citizen may become so entwined with those of the Government so as to make him an agent of the Government, as when the search is conducted at the specific request of the police, Corngold v. United States, 367 F.2d 1 (9th Cir. 1966), the actions of private police, acting independently, have been held not to invoke the exclusionary rule, even where the search would have been illegal if undertaken by public police. See People v. Trimarco, 41 Misc.2d 775, 245 N.Y.S.2d 795 (Sup.Ct.1963); People v. Randazzo, 220 Cal.App.2d 768, 34 Cal.Rptr. 65 (Dist.Ct.App.1963). Cf. United States v. Antonelli, 434 F.2d 335 (2nd Cir. 1970). In view of our holding, infra, that the arrest was authorized, we need not decide in this case whether, under the regulatory scheme then in force in the District of Columbia, special policemen are private citizens for purposes of the exclusionary rule.

7. The holding in Singleton required a greater extension of the common law than that contended for here. There the arrest was for petit larceny not committed in the special officer's presence. Indeed, the court appeared to have assumed the point in issue here:

The Government argues that the authority given police to arrest for misdemeanors committed in their presence by D.C. Code § 140 also extends to special officers. Given the context of this appeal, we agree.

Though not cited in the briefs of either party, Congress, subsequent to the arrest in this case, has enacted the District of Columbia Court Reform and Criminal Procedure Act, Pub.L.No. 91–358, § 210(a), codified as 23 D.C.Code § 582(a) (Supp. IV, 1971) which explicitly gives special policemen the same authority to make warrantless arrests as public policemen.[8] The legislative history makes clear that Congress intended to codify existing case law,[9] including *Singleton*.[10] In view of this Congressional action, we decline to examine the policy resolution expressed in *Singleton*.[11] We hold, therefore, that appellant's arrest was lawful and the motion to suppress correctly denied.[12]

## II.

■ The next question relates to the application of Fed.R.Crim.P. 11 which requires that the trial court address the defendant to determine if a guilty plea was made voluntarily and with an understanding of both the charge and the consequences of the plea. While this Court has held that the requirements of Rule 11 itself are triggered only by an explicit plea of guilty, United States v. Brown, 138 U.S.App.D.C. 398, 400, 428 F.2d 1100, 1102 (1970), it has also recognized that the principles underlying Rule 11 may require similar inquiries where appellant's claim is one of equivalency. United States v. Brown, *supra*, Rucker v. United States, 108 U.S.App. D.C. 154, 280 F.2d 623 (1960).[13]

In United States v. Brown, *supra*, counsel stipulated that appellant had committed all of the acts charged in the indictment, reserving only the issue of insanity. The Court held that "where a defendant in a criminal case seeks to waive trial on all issues except insanity the trial judge should address the defendant personally in determining whether the waiver is made voluntarily with understanding of the consequences of his act." [14] The question, then, is

---

If, as appellant contends, special policemen have the power to arrest *only* for misdemeanors committed in their presence or view, their status would be little more than that of private citizens.

Singleton v. United States, 225 A.2d 315, 317 (D.C.Ct.App.1967).

8. (a) A special policeman shall have the same powers as a law enforcement officer to arrest without a warrant for offenses committed within the premises to which his jurisdiction extends, and may arrest outside the premises on fresh pursuit for offenses committed on the premises.
This provision became effective February 1, 1971.

9. H.R.Rep.No.91–907, 91st Cong., 1st Sess. 176.

10. *Id.* at 118.

11. In light of these expanded powers, we note the absence of any provisions for prior training of special officers before commission. Apparently the only requirements for commission are that the applicant be 21, a citizen, of good moral character, and approved by the Chief of Police. Metropolitan Police Department Manual Chap. XXXII. Since March 1, 1970 special officers have been required to show a "Course Completion Certificate from an accredited organization such as the National Rifle Association, indicating that he has successfully completed a course in Firearms Training Qualification." Metropolitan Police Order, March 25, 1970. Such requirements seem clearly inadequate.

12. The necessary effect of the expansion of the arrest powers of special police by statute, however, is to place their actions within the compass of the exclusionary rule. Since here the arresting officer went no further than disarming the appellant, there can be no question of permissable scope. *See* Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

13. While the narrow holding of *Brown*— limited to stipulations in the context of a plea of insanity—was made applicable only to cases tried after June 3, 1970, appellant's claim arises under entirely different circumstances.

14. 138 U.S.App.D.C. at 401, 402, 428 F.2d at 1103–1104.

whether the circumstances of this case, like those in *Brown*, require that the defendant be addressed personally by the court.[15]

We note initially that here, unlike *Brown*, there is no question of appellant's mental condition. Rather, the situation appears to be one where the evidence of the crucial element of the offense—possession of a dangerous weapon—had already been given in an adversary context and the trial stipulations relate to facts which would be of significance only if the court found, on the basis of the special officer's testimony, that the appellant was carrying the weapon to which the stipulations relate.[16] Thus, unlike the situation in *Brown*, there was not "an admission by defendant of *all* of the conduct charged to him as a crime." [17] That appellant's case appears so weak as to suggest the equivalence of a guilty plea is due to the facts as developed in the special officer's testimony, not to the stipulations made at the trial.[18]

The facts of this case thus provide no reason to extend the rule announced in *Brown*. Neither Rule 11 nor its underlying considerations require reversal here.

Affirmed.

15. Appellant's trial counsel entered into the following stipulations and waivers:

(1) that the testimony of the arresting officer at the suppression hearing be incorporated by reference, Tr. 12, 14–15;

(2) waiver of trial by jury, Tr. 12–13. Appellant was personally addressed by the trial judge on this point as required by Fed.R.Crim.P. 23(a). Tr. 13–14;

(3) that the defendant did not possess a license to carry a gun, Tr. 16. Prior to appellant's counsel's stipulation on this point, however, the Government did introduce a certificate indicating that on the date of the arrest, District of Columbia records indicated that appellant had no license to carry a gun. Tr. 15–16;

(4) that the gun in question would test fire, Tr. 16;

(5) that the appellant did not own the premises occupied by the liquor store, Tr. 16.

Appellant's counsel also did not put appellant on the stand, nor offer other evidence.

16. If the court disbelieved the officer and found that appellant was not carrying a gun, the fact that appellant did not have a license, that the particular weapon would test fire, or that appellant did not own the premises, would all be irrelevant.

17. 138 U.S.App.D.C. at 402, 428 F.2d at 1104 n. 4 (emphasis added). In this regard we note that in neither Rucker v. United States, 108 U.S.App.D.C. 154, 280 F.2d 623 (1960) nor Julian v. United States, 236 F.2d 155 (6th Cir. 1956) does there appear to have been evidence presented, as was the case here, on the crucial element of the offense.

18. There is no claim here of ineffective assistance of counsel. Further, the trial court directly inquired of appellant's counsel whether his course was one of trial strategy. *Cf.* United States v. McClain, 142 U.S.App.D.C. 213, 440 F.2d 241 (1971).

More generally, the problems presented in cases of this sort seem to result from the fact that a plea of guilty is a waiver of the right to contest the admissibility of any evidence the state might have offered. McMann v. Richardson, 397 U.S. 759, 766, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Thus to preserve appeal on the denial of a motion to suppress, the defendant must plead not guilty and undergo "full" trial despite the fact that he contests only the admissibility of certain evidence. The Second Circuit has correctly called this an "undesirable and archaic end which can only result in cluttering trial calendars." United States ex rel. Rogers v. Warden of Attica State Prison, 381 F.2d 209, 214 (2nd Cir. 1967). We call attention to N.Y.Code Crim.Proc. § 813–c, which alleviates this situation by allowing a defendant who pleads guilty to assert on appeal that his motion to suppress should have been granted and join Professor Wright in urging the adoption of a similar provision in the federal system. 1 Wright, Federal Practice and Procedure, § 175 at 382 (1969).