**Larry E. GLENN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 12540.**

District of Columbia Court of Appeals.

Submitted May 25, 1978.

Decided Aug. 30, 1978.

Rehearing and Rehearing En Banc Denied Nov. 13, 1978.

George H. Clark, Washington, D.C., appointed by this court, and Gordon H. Glenn, Washington, D.C., were on the brief for appellant.

Earl J. Silbert, U.S. Atty., John A. Terry, Michael W. Farrell and Charles L. Hall, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before NEBEKER, YEAGLEY and FERREN, Associate Judges.

YEAGLEY, Associate Judge:

Following a bench trial on a stipulated record, appellant was found guilty of carrying a pistol without a license (D.C.Code 1973, § 22–3204) and was sentenced to a term of three to ten years' imprisonment.

The underlying facts are not central to this appeal, and may be summarized briefly as follows. On August 3, 1976, appellant and two companions, Gillum and Miles, were stopped by police for speeding and running a red light in the vicinity of Martin Luther King Avenue, Southeast. As Metropolitan Police Officers McMaster and Bean approached appellant's vehicle, they observed its three occupants lean forward in their seats. Appellant, the driver, appeared to insert an object into a newspaper. Officer McMaster requested appellant's driver's license and registration. Soon an argument developed between Gillum and Officer Bean, in which appellant became involved. As appellant opened the driver's door to get out of the automobile, Officer McMaster observed a pistol barrel protruding from a newspaper on the floor of the vehicle, partially hidden beneath the driver's seat. The officers arrested appellant and the two men with him, seized the pistol beneath appellant's seat, and seized pistols from appellant's companions.

On April 11, 1977, appellant moved to suppress the incriminatory pistol seized from him on the ground that police lacked probable cause to detain him or to search his vehicle. The trial court denied the motion, finding that there was probable cause to stop the vehicle and that the weapon was in plain view when seized by the arresting officer.

Appellant attempted to enter a guilty plea, but following the required Super.Ct. Cr.R. 11 colloquy between appellant and the trial court, the court said it would have to deny the plea because appellant had expressed dissatisfaction with his attorney. After additional discussion between the trial court, counsel and appellant, appellant abandoned his effort to plead guilty and instead pleaded not guilty. He presented to the court a signed waiver of jury trial and was interrogated by the court with respect to this waiver, as required by Super.Ct. Cr.R. 23. In the course of further discussion with the court, he stated that he was, in fact, satisfied with his attorney, on whose advice he then offered a stipulation that "all the testimony that Your Honor heard this afternoon would be the same testimony that would be presented at trial."[1] He requested that the court "pronounce a verdict in this case as soon as Your Honor reaches his decision, based upon the facts brought out on a hearing from the motion to suppress." The trial court agreed, and, based on this stipulated record, concluded that the government had proved beyond a reasonable doubt every element of the offense. It accordingly rendered a verdict of guilty.

Appellant advances one contention here, presenting a question of first impression to this court. He asserts that the trial court committed reversible error by accepting his stipulation without inquiring whether it was knowingly and intelligently made. Appellant maintains that, inasmuch as this stipulation essentially admitted the criminal conduct with which he was charged, it was tantamount to a guilty plea and should therefore have been scrutinized by the trial court pursuant to Super.Ct.Cr.R. 11 prior to

---

1. This included the suppression hearing testimony of Officer McMaster, appellant, defense witnesses Gillum and Miles, and exhibits 1 (gun), 5 (newspaper), 6 (certificate of no license) and 7 (certificate of test firing).

its acceptance.[2] For the reasons which follow, we reject the contention and affirm.

Although this court has never before addressed the question presented by this appeal, the matter has been resolved on three occasions by the United States Court of Appeals for this circuit. In *United States v. Brown,* 138 U.S.App.D.C. 398, 428 F.2d 1100 (1970), on which appellant relies, appellant's counsel stipulated at trial that his client had committed all the acts charged in an indictment for forgery, reserving for the trial court's determination only the question whether appellant was insane, as he had contended. Appellant attacked his resultant conviction on the ground that the trial court erred in accepting his stipulation without first addressing him personally, as required by Fed.R.Crim.P. 11.[3] The court observed that, by its terms, Fed.R.Crim.P. 11 was inapplicable to stipulations, but reversed appellant's conviction nevertheless, finding that:

> [T]he considerations which support the requirement of Rule 11 that the trial judge address the defendant personally are present in the limited circumstances of this case, those limited circumstances being the mental condition of the defendant and the stipulation of counsel admitting all the acts charged. We therefore hold that, in the limited circumstances of this case, the trial judge here should have addressed the defendant personally before accepting the stipulation. [*Id.* at 400, 428 F.2d at 1102.]

In *United States v. Dorsey,* 146 U.S.App. D.C. 28, 449 F.2d 1104 (1971), on which the government relies, the same court expressly refused to extend *Brown* to a situation where appellant's mental condition was not in issue. The court also drew the following additional distinction between *Brown* and the case before it:

> [T]he [instant] situation appears to be one where the evidence of the crucial element of the offense—possession of a dangerous weapon—had already been given in an adversary context and the trial stipulations relate to facts which would be of significance only if the court found, on the basis of the special officer's testimony, that the appellant was carrying the weapon to which the stipulations relate. Thus, unlike the situation in *Brown,* there was not "an admission by the defendant of *all* the conduct charged to him as a crime." [*Id.* at 32, 449 F.2d at 1108 (footnotes omitted).]

In *United States v. Strother,* 188 U.S. App.D.C. ——, 578 F.2d 397 (1978), the court relied on the fact that the stipulation was not equivalent to a guilty plea and rejected appellant's contention that the procedures set forth in Fed.R.Crim.P. 11 should have been followed. Appellant did not allege insanity; the court distinguished *Brown* on that basis, and analogized the case before it to *Dorsey:*

> The close parallels (between *Dorsey*) and this case are obvious. Essential to

---

2. Appellant does not challenge the trial court's denial of his motion to suppress.

3. This is identical to Super.Ct.Cr.R. 11, which in pertinent part, provides:

> (c) ADVICE TO DEFENDANT. Before accepting a plea of guilty or *nolo contendere,* the court must address the defendant personally in open court and inform him of, and determine that he understands, the following: (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by the law, if any, and the maximum possible penalty provided by law; and (2) if the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and

> (3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

> (4) that if he pleads guilty or *nolo contendere* there will not be a further trial of any kind, so that by pleading guilty or *nolo contendere* he waives the right to a trial; and

> (5) that if he pleads guilty or *nolo contendere,* the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.

appellant's conviction was that the trial court find the fact of possession. This could only be done from the testimony of the arresting officer, which had been given in the adversary context of the preliminary hearing and which, as we read the record was not admitted to be true by appellant but which, as in *Dorsey,* was only stipulated to be included in the trial record. [At ——, 578 F.2d at 404.] The court failed to find in the record "the equivalence to a guilty plea requiring the further advices mandated by Rule 11" (at ——, 578 F.2d at 404).

Close examination of *Brown, Dorsey* and *Strother* suggests that the different factors expressly relied on in those cases—defendant's mental condition and the nature of the stipulation—were but expressions of an underlying rationale, under which reversal may be required if constitutional rights which Rule 11 seeks to protect are denied by virtue of the trial court's unquestioning acceptance of defendant's stipulation. As the court observed in *Brown:*

> While Rule 11 is not applicable here, no reason appears why the Rule 11 procedure of addressing the defendant personally should not be required. *Most, if not all, of the constitutional rights Rule 11 seeks to protect were waived by the stipulation.* [*United States v. Brown, supra,* 138 U.S.App.D.C. at 401, 428 F.2d at 1103 (emphasis added).]

The constitutional rights which Super.Ct. Cr.R. 11 seeks to protect are specified in the rule itself. *See* note 3, *supra.* Super.Ct. Cr.R. 11(c)(2) and (c)(3) provide that a guilty plea not be accepted unless the defendant knows he has a right to counsel. Super.Ct.Cr.R. 11(c)(3) requires that such a defendant be made aware of the existence of his right to a jury trial, to confront adverse witnesses, and not to be compelled to incriminate himself, and that he be informed that he is waiving these rights by pleading guilty. *See United States v. Brown, supra* at 400, 428 F.2d at 1102. In *Brown,* the court found that acceptance of appellant's stipulation without inquiry potentially abridged these rights, due to the dispositive nature of the stipulation and to the fact that appellant's mental condition called into question his ability to appreciate the consequences of his acts. In both *Dorsey* and *Strother,* the court found that rights protected by Rule 11 were not abridged because the stipulations were not equivalent to guilty pleas, but left the question of culpability in dispute, and because appellants, unlike Brown, were not alleging insanity and thus could more safely be presumed to understand the consequences of their stipulations.

■ Although the instant case falls between *Brown* on one side and *Dorsey* and *Strother* on the other, examination of the record leads us to conclude that a second Rule 11 colloquy was not, under these circumstances, necessary to protect appellant's constitutional rights. Although appellant's stipulation was tantamount to an admission of guilt,[4] thus distinguishing this case from *Dorsey* and *Strother,* his mental condition was not in issue, undermining his reliance on *Brown.* Of paramount importance to our disposition of this case is the fact that prior to accepting his stipulation, the court had in fact advised appellant of his rights in accordance with Super.Ct.Cr.R. 11. This occurred in connection with appellant's short-lived guilty plea. Appellant was at that time informed of his right to be represented by counsel. He was apprised of his right to

4. Assertions by the government notwithstanding, the instant stipulation made the trial court's task academic. Appellant's stipulated suppression hearing testimony included his admission that he was in possession of a gun wrapped in a newspaper. Appellant further stipulated that he had no license for the weapon. There was nothing left to do on this record but to convict him. The stipulated suppression hearing testimony of defense witnesses Gillum and Miles, which, the government asserts, put in genuine issue the question of appellant's guilt, in fact related only to the circumstances surrounding the arrest. This testimony did not address the question whether appellant committed the acts for which he was ultimately convicted. There was nothing in the stipulated record for the trial court to weigh, or which countered appellant's *de facto* admission that he had committed the acts requisite for conviction.

a jury trial and to confront adverse witnesses, and was accordingly questioned pursuant to Super.Ct.Cr.R. 23. He was told that he could not be compelled to incriminate himself. The record shows, moreover, that following appellant's withdrawal of the guilty plea and his offer of the stipulation, he was again informed of his right to a jury trial. It shows also that prior to offering the stipulation, appellant had conferred with counsel in whom appellant had expressed renewed confidence.

Thus, while we agree with appellant, and conclude that where a stipulation is tantamount to a guilty plea the trial court must be careful to ensure, by analogy to Rule 11, that the defendant understands the consequences of a stipulated trial, we hold, in the context of this record, that appellant understood his constitutional rights and knew that he was waiving them by virtue of the stipulation. Appellant's conviction is

*Affirmed.*