998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William F. SEYMOUR, Petitioner/Appellant,
v.
Kenneth P. DOBUCKI, Warden, Graham Correctional Center and
Roland W. Burris, Respondents/Appellees.
 No. 92-3019.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 9, 1993.*
Decided July 12, 1993.
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 William Seymour petitioned for a writ of habeas corpus, 28 U.S.C. § 2254, claiming that he 1) did not understand the ramifications of his agreement to a stipulated bench trial because he was not explicitly admonished that his stipulation was tantamount to a guilty plea; 2) received ineffective assistance of trial counsel; and 3) was denied his right to due process because no presentence investigative report was prepared for the trial court before he was sentenced. Seymour also sought leave to proceed in forma pauperis. 28 U.S.C. § 1915(a). The district court found Seymour's habeas petition frivolous, and dismissed the case pursuant to 28 U.S.C. § 1915(d). We affirm.
 
 I. BACKGROUND
 
 2
 In May of 1989 police officers and agents of the West Central Illinois Task Force executed a search warrant for Seymour's residence and recovered various amounts of cannabis, cocaine, and hashish, as well as a triple-beam balance and $8600 in cash. Seymour was charged with unlawfully possessing and intending to deliver cannabis, unlawfully possessing and intending to deliver cocaine, and narcotics racketeering, all felonies under Illinois law. See Ill.Rev.Stat. ch. 56 1/2, paras. 705(e), 1401(b)(2), and 1654(a) (1989). The state trial court denied Seymour's motion to quash the search warrant and suppress the evidence that was seized. At a pretrial hearing in January of 1990, Seymour waived his right to a jury trial and agreed to a stipulation of the facts. The parties and the trial court thereafter arranged to submit the matter for adjudication by way of a stipulated bench trial so that Seymour could preserve for appeal the issue of the adequacy of the search warrant.
 
 
 3
 The stipulated bench trial was held in February of 1990. After hearing oral argument from Seymour and the state, the trial court found Seymour guilty of all three offenses. The court sentenced Seymour to concurrent terms of six years in prison for the cannabis conviction, fourteen years in prison for the cocaine conviction, and fourteen years in prison for the racketeering conviction. The court also assessed fines totalling $31,800.
 
 
 4
 Seymour directly appealed his conviction and raised, among other issues, substantially the same issues that he raises in his habeas petition. The Appellate Court of Illinois affirmed Seymour's conviction for narcotics racketeering and vacated the convictions for unlawful possession with the intent to deliver cannabis and unlawful possession with the intent to deliver cocaine because they were predicate offenses of the racketeering conviction. The Supreme Court of Illinois denied leave to appeal and, shortly thereafter, Seymour filed in the district court a petition for writ of habeas corpus and a petition to proceed in forma pauperis. The district court concluded that Seymour's habeas petition was frivolous and dismissed Seymour's case pursuant to 28 U.S.C. § 1915(d). This court subsequently granted Seymour a certificate of probable cause and allowed him to proceed on appeal as a pauper.
 
 II. DISCUSSION
 
 5
 We must determine whether the district court's dismissal of Seymour's habeas petition as frivolous was an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Federal courts are authorized to dismiss a complaint that is filed in forma pauperis "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 6
 Seymour first claims that the state trial judge erred by not admonishing him that by stipulating to the facts he was, in effect, pleading guilty. Although the district court did not specify in its order dismissing Seymour's habeas petition whether it considered this claim legally or factually frivolous, we presume from the court's reasoning that the dismissal was based on a finding that the claim was legally frivolous. The court surmised that Seymour received all the process that he was due under the Federal Constitution since the trial court complied with Illinois Supreme Court Rule 402(a), which sets forth the admonitions that must be given to criminal defendants who plead guilty in Illinois state courts to insure that their guilty pleas are voluntarily and intelligently made. We disagree with this reasoning, for Seymour's claim is not based on the trial court's compliance with an Illinois statute, but rather the Due Process Clause of the Fourteenth Amendment to the Constitution. Nevertheless, after reviewing the record in this case we must agree with the district court's ultimate conclusion that the claim is legally frivolous for purposes of § 1915(d).
 
 
 7
 Seymour's claim is based on Boykin v. Alabama, 395 U.S. 238 (1969). There the Supreme Court held that because by pleading guilty a defendant forfeits important rights, including the right against compulsory self-incrimination, the right to trial by jury, and the right to confront witnesses, a trial judge cannot accept a plea of guilty without first affirmatively determining that the plea is voluntarily and intelligently made. Id. at 243-44. Seymour contends that Boykin imposed the obligation on the trial court to admonish him that by agreeing to the stipulation he was admitting guilt and, because the trial court failed to do so, his conviction cannot stand.
 
 
 8
 Ordinarily a defendant's agreement to a stipulated bench trial is not tantamount to a guilty plea and does not entitle him to the full protections afforded defendants who plead guilty. United States v. Schmidt, 760 F.2d 828, 834-35 (7th Cir.), cert. denied, 474 U.S. 827 (1985). The reason for this rule lies in the unique nature of the guilty plea. United States v. Robertson, 698 F.2d 703, 707 (5th Cir.1983). A stipulation admits particular facts and waives certain constitutional rights such as the right to confront witnesses. But "[a] plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." Boykin, 395 U.S. at 242. Whereas a defendant certainly can recognize the rights implicitly waived by a stipulation, he may not understand the full scope of rights waived by a guilty plea. For that reason, only a guilty plea requires strict prophylactic rules to insure that the defendant fully understands the consequences of his decision. Id. at 242-43.
 
 
 9
 In view of this rationale for distinguishing between the treatment of stipulations and pleas, we require that a trial court invoke the safeguards for guilty pleas in the context of a stipulated bench trial where "by stipulation or otherwise a defendant effectively admit[s] his guilt and waive[s] trial on all issues." Schmidt, 760 F.2d at 834 (quoting United States v. Lawson, 682 F.2d 1012, 1015 (D.C.Cir.1982)). Thus, in cases where the defendant stipulates to factual as well as legal guilt, he waives all of the rights that he would waive by pleading guilty, and must be given the protections of defendants who plead guilty. Upon examination of the transcripts of the proceedings in state court, we conclude that in this case Seymour's stipulated bench trial was not tantamount to a guilty plea and therefore his claim that the trial court failed to provide him with the protections provided for those who plead guilty is legally frivolous.
 
 
 10
 Seymour's stipulations were simple narratives, and largely testimonial. They stated facts to which the state's witnesses would have testified had they been called. There was no stipulation as to the truthfulness of the testimony, and there was no stipulation as to intent. The legal inferences remained to be drawn. It is evident from the transcript of the January 1990 pretrial hearing that Seymour was not admitting guilt by agreeing to the stipulations.[1]
 
 
 11
 Moreover, Seymour did not waive trial on all issues. At the bench trial he asserted that the state had not proved the elements of narcotics racketeering. He argued that his sales of cannabis did not qualify as racketeering because of the small quantities sold and that although there was a large quantity of cannabis found at his residence, there was no evidence that he sold the cannabis or received any income from the sale of cannabis. Seymour concluded by renewing his motion to suppress the evidence that was seized during the search of his residence.
 
 
 12
 The fact that the trial judge stated that he would treat the stipulated bench trial "in the nature of a plea" and then admonished Seymour pursuant to Illinois Supreme Court Rule 402(a) does not affect our conclusion. Seymour, the state, and the judge understood that Seymour was not admitting guilt. The judge stated that "it is my understanding that the Court will hear arguments today and then will determine your guilt or innocence, depending upon arguments made and stipulations that's [sic] been filed." Transcript of February 2, 1990, at 3-4. The parties acceded to this description of the proceedings. Id. It is clear from our perusal of the transcript that the trial judge, realizing that a stipulated bench trial works in nearly the same manner as a guilty plea, elected to admonish Seymour that he was waiving important rights in order to avoid confusion or misunderstanding. See People v. Sullivan, 391 N.E.2d 241, 244 (Ill.App.Ct.1979).
 
 
 13
 We are mindful of the fine line between a claim that lacks an arguable basis in law, which is properly dismissed pursuant to § 1915(d), and a claim that raises an arguable question of law that a court eventually might find is resolved correctly against the petitioner, which is not. Not every claim destined to be unsuccessful is frivolous. Neitzke, 490 U.S. at 329. A claim that raises an arguable question of law that must be resolved against the petitioner is properly dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases, not § 1915(d). Nevertheless, because the viability of Seymour's legal theory depends upon a proposition that is contrary to the facts--that the stipulated bench trial was tantamount to a plea of guilty--we are confident that Seymour's claim falls on the frivolous side of the line.
 
 
 14
 We can be briefer with our disposition of Seymour's two remaining claims. Seymour's claim that his trial counsel was ineffective is legally frivolous. To make out a claim of ineffective assistance of counsel Seymour must demonstrate that his counsel's performance was deficient and that this deficient performance prejudiced him by rendering the result of his trial unreliable or the proceeding fundamentally unfair. Lockhart v. Fretwell, 113 S.Ct. 838, 842-43 (1993); Strickland v. Washington, 466 U.S. 668, 687 (1984). The crux of Seymour's claim is that his counsel sold him out by advising him to proceed by way of the stipulated bench trial, thereby causing him involuntarily and unintelligently to plead guilty. This claim is frivolous for, as discussed above, Seymour's counsel did not cause Seymour to admit his guilt. Rather, he advised him to stipulate to particular facts and testimony. This was a strategy decision structured around Seymour's plea of not guilty and the state's strong case against him. This sound strategy decision did not violate Seymour's right to counsel. See United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1135 (7th Cir.1990). Moreover, counsel did not concede Seymour's guilt at trial. He vigorously argued that the stipulated facts were insufficient to support a conviction for narcotics racketeering.
 
 
 15
 Finally, Seymour's claim that he was denied due process because no presentence investigative report was presented to the court is clearly baseless and, as such, is factually frivolous for purposes of § 1915(d). Hernandez, 112 S.Ct. at 1733. Contrary to Seymour's assertion, the parties expressly adopted, and the state trial judge accepted, a presentence investigative report that had been prepared one month earlier in connection with a similar charge that was brought against Seymour in a neighboring county. See Transcript of February 2, 1990, at 35-37. The trial court admonished Seymour that he was entitled to have a new presentence investigative report prepared, but Seymour told the court that he was satisfied with the existing report. Id. at 37. Moreover, Seymour's legal theory is frivolous, for he received all the process that he was due. The Due Process Clause guarantees a fair sentencing hearing that includes the right to be sentenced on the basis of accurate information. United States v. Vasquez, 966 F.2d 254, 260 (7th Cir.1992); United States v. Rone, 743 F.2d 1169, 1171 (7th Cir.1984). There is nothing in the record suggesting that Seymour's sentence was based on inaccurate information or that the sentencing procedure was otherwise unfair.
 
 III. CONCLUSION
 
 16
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 "THE COURT: The defendant is not going to enter a plea; this is just going to be a stipulation of facts?
 [DEFENSE COUNSEL]: This is in the nature of a stipulated bench trial, your honor.
 THE COURT: Okay.
 * * *
 THE COURT: Mr. Seymour, do you understand what your attorney has said?
 THE DEFENDANT: Yes, I do.
 THE COURT: And do you have any problem with proceeding in the fashion that he's outlined to the Court?
 THE DEFENDANT: No, your honor.
 THE COURT: Do you understand then what he's suggested as to how we will proceed?
 THE DEFENDANT: Yes.
 THE COURT: And, in effect, it's going to be a stipulation without an admission of guilt on your part. And your counsel will submit a brief, opposing argument.... The state's attorney will respond within seven days, and then we'll have a hearing. And after that, the Court will enter a judgment and sentence you.
 Is that your understanding of how it's going to happen?
 THE DEFENDANT: Yes.
 THE COURT: Okay."
 Transcript of January 4, 1990, at 5-6 (emphasis added).